WENTWORTH, Judge.
Employer/carrier seek review of a worker’s compensation order by which they were required to recommence payment of disability and medical benefits and to compensate claimant for all past due benefits. *358 The employer/carrier argue for the first time on appeal that claimant's misleading testimony, before an arbitration panel conducting a hearing as to a noncompensable unrelated vehicle accident, that his disability arose after the car accident should preclude further benefits for disability. Because the employer/carrier failed to allege fraudulent behavior by claimant in the proceeding before the trial judge, this argument is not preserved for appeal. We therefore affirm the order reinstating claimant’s benefits.
In 1976 claimant suffered a com-pensable lower back injury which has required continuous medical attention to date, and for which claimant was accepted as permanently and totally disabled by the employer/carrier in 1979. Treatment for this condition has involved surgery, physical therapy, injections, medications, and a variety of methods for controlling claimant’s pain and minimizing his symptoms.
In 1980 claimant was involved in an automobile accident in which the other driver was at fault. Claimant received medical treatment for the minor back injuries he received in the accident and subsequently filed a personal injury claim against the other driver. The claim went to hearing before an uninsured motorist arbitration panel in April 1983, and claimant testified at the hearing.
According to claimant’s testimony at the arbitration hearing, he had suffered an injury to his back in the mid-1960’s but he had recovered from it well before the automobile accident. He stated that immediately before the latter accident he had been leading a very active life which included boating, dancing and skiing. Claimant testified that he had undergone no significant medical treatment since the back injury in the 1960’s had healed, and stated that the only reason he had not worked since 1976 was because he had chosen not to work. The gist of claimant’s testimony was that all of the extensive back problems which he suffered subsequent to the 1980 automobile accident were directly attributable to injuries sustained in that accident and were unrelated to any industrial injury. Claimant received a monetary settlement on this personal injury claim.
Upon learning of claimant’s testimony, the employer/carrier controverted payment of any further permanent total disability benefits as of April 1983. A hearing was held in July 1988 to determine whether to reinstate claimant’s permanent total disability compensation benefits. The judge discredited claimant’s arbitration hearing testimony, calling it “incredible and self-serving for the purpose of bolstering the potential value of the personal injury claim.” He found that claimant had emphasized the significance of the injuries he sustained in the car accident while de-em-phasizing the significance of the injuries he sustained in his earlier industrial accident. The deputy commissioner concluded that the extensive medical history on claimant’s back problem demonstrated that claimant had been totally disabled since the 1976 industrial accident and that the car accident had not caused any permanent problems but had only temporarily exacerbated the existing condition.
The employer/carrier argue on appeal that the judge should have rejected the claim for reinstatement of benefits once claimant’s statements at the reinstatement hearing were shown to be inconsistent with his earlier statements to the arbitration panel, because any reinstatement would allow claimant to perpetrate a fraud. However, the employer/carrier did not urge this point previously, attempting instead to prove through medical testimony that claimant’s disability after 1980 was attributable solely to his automobile accident. The judge rejected this latter argument, finding that claimant’s total disability was a proximate result of the injuries suffered in the industrial accident.
We find competent, substantial evidence in the form of an extensive medical history of claimant’s injuries that supports the judge’s finding. Claimant has continuously received medical treatment for his back problem since it arose in 1976 following his industrial accident. Any statements by claimant which contradict this evidence and which were made in the context of an un *359 related proceeding are aptly described by the deputy as “incredible,” and are insufficient to negate the overwhelming medical evidence supporting the deputy commissioner’s findings. We do not determine the merits of the employer/carrier’s argument that claimant’s misrepresentation before the arbitration panel estops him to claim benefits from the employer/carrier because that issue was not raised at the hearing below, and therefore was not preserved for appellate review. See Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982). The deputy commissioner’s reinstatement of claimant’s permanent total disability benefits was proper.
The order appealed is affirmed.
NIMMONS and ZEHMER, JJ., concur.