389 So.2d 1074 (1980)
DECKS, INC. OF FLORIDA and Aetna Casualty and Surety Company, Appellants,
v.
Norman WRIGHT, Appellee.
No. RR-278.
District Court of Appeal of Florida, First District.
November 4, 1980.
*1075 James F. Pingel, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
Scott Charlton of Peavyhouse, Giglio, Grant, Clark, Charlton & Mount, Tampa, for appellee.
PER CURIAM.
The employer appeals urging that the Judge of Industrial Claims erred in finding that claimant is temporarily and totally disabled, in finding that he incurred reasonable and necessary medical benefits, in awarding medical bills when none were introduced into evidence and in awarding future medical benefits. We agree in part.
Wright sustained a whiplash injury to his neck while driving his employer's vehicle at the employer's request. He suffered severe pain and was treated by a chiropractor. Although the treatment did not help, Wright attempted to return to work but was able to work for only one week. When he told his supervisor he was still having problems the supervisor "convinced [him] it wasn't bad enough to worry about."
The problems continued and Wright went to a medical doctor who diagnosed high blood pressure and hospitalized him. During this hospitalization, he also received therapy for muscle spasms.
At his deposition, which was the only evidence presented at the hearing, Wright testified he continued to have severe pain and headaches and that he had not been treated for high blood pressure prior to the accident.
*1076 The order finds that Wright was TTD from 9-19-78 to 12-17-78 except for one week, and requires the E/C to pay the medical and hospital bills incurred for treatment of the injury and for future remedial treatment. Implicit in the order is the finding of a causal relationship between the injury and Wright's high blood pressure. This finding is not supported by the record.
Disability within the meaning of the Worker's Compensation Act means incapacity due to a compensable accident and the claimant must establish a causal relationship between the accident and his disability based on a reasonable medical probability. That reasonable medical probability may be established by medical or lay testimony. Orange County Board of County Commissioners v. Brenemen, 233 So.2d 377 (Fla. 1970); Aerospace Fabrication, Inc. v. Dodge, 8 FCR 339 (1974). However, lay testimony alone is not sufficient in all instances.
"Lay testimony is of probative value in establishing such simple matters as the existence and location of pain, sequence of events and actual ability or inability of the claimant to perform work."
Id. at 340-41.
We construe this language to mean that lay testimony can establish the necessary relationship as to conditions and symptoms which are within the actual knowledge and sensory experience of the claimant. However, lay testimony is not sufficient to establish the causal relationship between the accident and conditions such as high blood pressure, which are not readily observable or discoverable without medical examination. The record is devoid of any medical evidence linking Wright's high blood pressure to the accident. His bare statement that he had not been treated for high blood pressure prior to the accident is not competent substantial evidence to prove the causal relationship.
The order also fails to specify what part of the period of disability is attributable to Wright's neck injury and what part, if any, is attributable solely to the high blood pressure. In fact, such a determination could not have been made on the evidence presented. On remand the deputy commissioner should take whatever additional evidence is necessary to make this determination.
Appellant correctly argues that medical benefits are not properly awarded when the medical bills are not introduced into evidence. Doty Exterminating Company v. Jones, 9 FCR 31 (1974); E.C. Ernst & Company, Inc. v. Grimmett, 9 FCR 341, (1975) cert. denied 336 So.2d 600 (Fla. 1976).
The record reflects that claimant notified the employer, through his supervisor, of his continued problems with his neck and that the employer, in effect, refused treatment. Medical bills related to the compensable accident and the injury and disability arising therefrom should be paid by the employer subject to proper proof. Medical bills for future treatment of the injuries related to the compensable accident would likewise to be charged to the employer. Since the high blood pressure was not shown to be causally related to the accident, medical bills independently required for its treatment are not the responsibility of the employer. If, however, one of the primary purposes of the treatment is also removal of a hindrance to recover from the compensable accident, the employer will be responsible. Glades County Sugar Growers v. Gonzales, 388 So.2d 333 (Fla. 1st DCA 1980).
Accordingly, the order is reversed and remanded for proceedings consistent with this opinion.
MILLS, C.J., and McCORD and THOMPSON, JJ., concur.