401 So.2d 875 (1981)
Osvaldo LOPEZ, Appellant,
v.
PENNSUCO CEMENT & AGGREGATES, INC., Insurance Company of North America and the Division of Workers' Compensation, Appellees.
No. WW-63.
District Court of Appeal of Florida, First District.
July 21, 1981.
Alfred D. Bieley, Miami, for appellant.
Summers Warden, Miami, for appellees.
PER CURIAM.
Claimant appeals an order denying his claim for nursing and attendant care services. He contends that the order does not accord with the evidence in the record. We agree and reverse.
Claimant is permanently and totally disabled as a result of the inhalation of manganese fumes in the course and scope of his employment. Because of the manganese poisoning, claimant has difficulty in walking, suffers from alterations in gait and balance, speech disorders, clumsiness of movements, and an expressionless face. In the morning, his wife helps him out of bed, helps him attend to personal functions, assists him in dressing, fixes his food, and puts out his medicine. Sometimes after his wife leaves for work, he feels so bad he is unable to get up and eat his lunch, take his medicine, or go to the bathroom. Without help, he is unable to do his physical therapy exercises which his therapist testified he must do to prevent further deterioration. On occasion, claimant has gotten dizzy, fallen on the floor, and remained there until his wife comes home from work. His wife testified she loses time from work because she has to care for her husband. Further, she corroborated her husband's testimony concerning his falls stating that she has arrived home on several occasions and found her husband lying on the floor in a fallen position, from which he is unable to extricate himself. He has hurt himself in these falls, although not badly. Dr. Penalvar, a specialist in manganese poisoning, testified that the biggest problem with manganese poisoning patients is that they fall repeatedly. He felt claimant was deteriorating physically and mentally and that claimant needs a person to assist him continuously to prevent him from having a serious injury such as a fracture. On the basis of this record, the deputy commissioner found that the frequency of claimant's falls does not warrant continual attendant care at this time. He recognized that at some time in the future, claimant may require someone to help him 100% of the time. However, he did not feel the evidence establishes *876 this at the present time. The claim for attendant care and attorney's fees was therefore denied.
Although the employer/carrier argue that since two physicians failed to recommend attendant care services, the deputy commissioner's order is supported by competent substantial evidence, we think the overwhelming weight of the evidence in this record supports claimant's need for close supervision. The employer is required to furnish such attendant care services as the nature of the injury and the process of recovery may require. This includes the palliative attentions of another to mitigate the conditions or effects of the injury to claimant. Craftsmen's Village, Inc. v. Benach, IRC Order 2-2561 (1974), cert. den. 302 So.2d 762 (Fla. 1975). As a result of the work-related manganese poisoning, claimant is subject to spells of dizziness and repeated falls. This is a condition or effect of his injury which we feel entitles him to attendant care services. In State of Florida Department of Transportation v. Cato, IRC Order 2-3138 (1977), the IRC affirmed that portion of the deputy commissioner's order which awarded attendant care services during that period of time in which claimant needed someone to prevent him from hurting himself (presumably by falling), to provide him with the medication he needed, and to assist him in using the bathroom and in bathing. We reject the notion that the worker's compensation law requires that the claimant must first suffer a catastrophic additional injury from falls which stem from his disabling condition before he is entitled to any attendant care.
Accordingly, the deputy commissioner's order is REVERSED and the cause is remanded to the deputy commissioner for reconsideration of claimant's need for attendant care in light of the views expressed herein.
McCORD and LARRY G. SMITH, JJ., and LILES, WOODIE A. (Ret.), Associate Judge, concur.