WIGGINTON, Judge.
Claimant appeals from the order of the deputy commissioner denying her claim for benefits on the basis that the ruptured disc in claimant’s neck stemmed from an automobile accident and was not causally related to her earlier industrial accident. We reverse.
The deputy’s finding of no causal relationship does not comport with logic and reason in light of the unanimous medical testimony that claimant’s condition following the industrial injury was exacerbated by the automobile accident, and that the injury sustained in the latter accident could not stand alone. Moreover, there is no basis for the deputy’s finding that the tingling sensation in claimant’s hands and arms began only after the automobile accident. Claimant’s testimony was consistent with that of the medical testimony that her symptoms after the automobile accident were those same symptoms she had experienced after the work-related accident. Finally, claimant’s remarks to her physicians that her symptoms from the industrial accident had subsided by the time of the automobile accident were only probative of simple matters such as the existence and location of pain, sequence of events, and other factors within her actual knowledge and sensory experience, but were insufficient, standing alone, as evidence to defeat a finding of causal relationship between the industrial accident and her ruptured disc, a condition not readily observable or discoverable without medical examination. McCall v. Dick Burns, Inc., 408 So.2d 787, 792 (Fla. 1st DCA 1982); Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980). Under the circumstances, it was incumbent upon the deputy to defer to the opinion of the physicians.
There is competent and substantial evidence comporting with logic and reason in the record to support a finding of causal relationship, and therefore of compensability. The deputy’s order is REVERSED and the cause REMANDED for further pro *946 ceedings on the issue of the benefits claimed.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.