466 So.2d 399 (1985)
SEALEY MATTRESS Company and Hartford Insurance Company, Appellants,
v.
Spencer Gause, Appellee.
No. AY-394.
District Court of Appeal of Florida, First District.
March 28, 1985.
John E. McLain, III of Cooper, Rissman & Weisberg, P.A., Orlando, for appellants.
William G. Berzak of Law Offices of Lawrence Hornsby, Orlando, for appellee.
MILLS, Judge.
Sealey Mattress Company and Hartford Insurance Company (E/C) appeal from a workers' compensation order awarding Gause reimbursement for nonskilled attendant care services and attorney's fees. The E/C contend they had no notice of the need for attendant care and, alternatively, the services rendered by Gause's spouse are not compensable because primarily gratuitous in nature. The E/C also maintain the deputy commissioner erred in granting an attorney's fee on the award of a rehabilitation clinic. We disagree and affirm.
Gause, a twenty-six year old married male, sustained a severe brain injury on 15 September 1982 from a blow to the head rendered by a co-employee with a metal pipe. Since the date of his hospital discharge on 22 September 1982, Gause has experienced severe slurring of speech, partial *400 paralysis of the right hand, complaints of vision loss in the right eye, severe disorientation, depression, dizzy spells, extreme headaches, and a multitude of other cognitive and psychological problems.
Following Gause's return home, his wife provided him with the necessary attendant care. She testified that her services included administering medication, preparing meals, feeding Gause, and assisting him with various personal hygiene matters such as brushing his teeth, washing his face, bathing and dressing.
On 8 November 1982, Dr. Plovnich, a psychologist at the Head Injury Rehabilitation clinic, evaluated Gause for admission to its program. At that time, he issued a report recommending the clinic for a minimum of one year and stated that Gause was at a risk if left unattended due to a definite chance of overmedication, loss of direction and memory, and an inability to function independent of his wife's attention. Following this, on 17 January 1984 the E/C authorized one week of the program and, thereafter, provided authorization for intermittent periods.
Gause sought nonskilled attendant care reimbursement and authorization for remedial care in the Head Injury rehabilitation clinic for its full course. The E/C controverted, contending all benefits due had been paid.
Where a familial member provides ordinary services to a claimant, the presumption is they are gratuitous in nature. Sheraton Bal Harbour v. Platis, 447 So.2d 987 (Fla. 1st DCA 1984). However, as we stated in the recent case of Don Harris Plumbing Company, Inc. v. Henderson, 454 So.2d 745 (Fla. 1st DCA 1984), when services rendered go beyond ordinary household duties, such as shopping and cooking, benefits for attendant care may be awarded. Extraordinary services include bathing, dressing, administering medication, and assisting with sanitary functions. Mrs. Gause performed all these services. Further, the number of hours she expended in providing attendance was conservatively estimated by the deputy, thereby eliminating the normal time spent by a spouse rendering gratuitous services.
Section 440.13(2)(b), Florida Statutes (1983), provides that an employee shall not be entitled to recover any amount personally expended for remedial treatment, care or attendance unless the employee requested the employer to provide such treatment or service and the employer failed to do so, or unless the nature of the injury required such treatment, nursing or services and the employer, having knowledge of such injury, neglected to provide the same. In the instant case, the E/C maintain that attendant care services were never requested and there was no showing by competent evidence that the employer either knew or should have known that such services were required.
This argument is without merit. The claims supervisor for the insurance carrier herein testified that as early as 15 December 1982 he had received a report from the rehabilitation nurse assigned to Gause's case stating the need for attendant care services should be investigated. Despite this information and the numerous medical reports setting forth the severity of Gause's head injury, no investigation was conducted or offer for attendance made.
As to the E/C's last contention, because the request for treatment at the Head Injury Rehabilitation Center was a "medical only" claim, we must affirm the deputy's award of attorney's fees on its authorization. See, Section 440.34(3)(a), Florida Statutes (1981).
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.