504 So.2d 1274 (1986)
Pedro Luis PEREZ, Appellant/Cross-Appellee,
v.
PENNSUCO CEMENT & AGGREGATES and Insurance Company of North America, Appellee/Cross-Appellant.
No. BL-364.
District Court of Appeal of Florida, First District.
December 2, 1986.
*1275 H. Jack Miller of Miller, Hodges, Kagan & Chait, P.A., Miami, for appellant/cross-appellee.
Alfred D. Bieley, P.A., Miami, for appellee/cross-appellant.
MILLS, Judge.
This is a cross-appeal, the direct appeal by Perez having been voluntarily dismissed, from a workers' compensation order finding Perez entitled to attendant care services and awarding his wife compensation for those services. Pennsuco Cement & Aggregates and the Insurance Company of North America (E/C) contend the order is not supported by competent substantial evidence. We agree and reverse with directions on remand.
The E/C argues, in summary, that the wife should not have been awarded payment for attendant care services from 1 August 1981 through 28 February 1983 on the basis of eight hours per day, seven days a week, because she was working full-time during this period; only devoting one hour before work and one hour after work to the care of her husband. Perez's minimal response to this argument is that the wife is entitled to reimbursement for the time her mother spent performing services for Perez. However, there is nothing in the record to indicate how much time Perez's mother-in-law spent caring for him, other than testimony by the wife that she fixed his lunch.
The E/C also argues that it was error for the deputy commissioner to make an attendant care award for the time Perez spent in the hospital based on Prestressed Systems, Inc. v. Goff, 461 So.2d 260 (Fla. 1st DCA 1984). The time period involved is from 20 September 1982 until 5 October 1982. In his brief, Perez concedes the award allowed for this time is erroneous.
According to Walt Disney World Co. v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983), a blanket award of attendant care or services without regard to the actual performance of those services is error. In Harrison, the claimant was required to wear a full body cast for several weeks, and therefore was severely restricted in her movement. Not having been informed by the employer that she was entitled to attendant services, the claimant attempted to care for herself with limited help from her mother and a friend. Upon filing a claim, the claimant in Harrison was awarded attendant care on the basis of 16 hours a day, the time she spent awake. However, on appeal this award was reversed, the court stating it was error for the deputy *1276 commissioner to allow compensation for attendant care services without regard to the actual performance of services by persons other than the claimant. The court went on to state: "The burden is on the claimant to prove by competent, substantial evidence the quantity, quality, and duration of the attendant services claimed." See also, G & B Equipment v. Miller, 466 So.2d 437 (Fla. 1st DCA 1985).
In the present case, the record does not contain competent substantial evidence that Perez's wife actually spent eight hours a day performing necessary services for the claimant for the period of time at issue. Therefore, we find we must reverse the deputy commissioner's order and remand for further proceedings so that testimony may be taken on the issue of how much time was actually spent by the wife or any other person performing attendant services, including passive attendant care, from 1 August 1981 through 28 February 1983, the date the wife stopped working and began staying home full-time with Perez. Further, we modify the order, per Perez's agreement, to reflect no award for the time period he was hospitalized.
Reversed and remanded with directions.
BOOTH, C.J., and WENTWORTH, J., concur.