568 So.2d 520 (1990)
BARKETT COMPUTER SERVICE and Liberty Mutual Insurance, Appellants,
v.
Isabel SANTANA, Appellee.
No. 89-2843.
District Court of Appeal of Florida, First District.
October 22, 1990.
Sheryl S. Natelson and Wendy Ellen Marfino, Miller, Kagan & Chait, P.A., Deer-field Beach, for appellants.
Jerold Feuer, Miami, for appellee.
BARFIELD, Judge.
The employer and carrier (EC) appeal a workers' compensation order which awards attendant care benefits in the nature of $200 per week for a maid employed by the injured claimant and $210 per week for claimant's husband. We reverse.
The claimant is a 53-year-old woman who injured her back in a 1986 accident accepted as compensable. Claimant underwent surgery in 1987, and the EC voluntarily accepted her as permanently, totally disabled. Claimant then sought, inter alia, attendant care benefits for the household chores performed by a maid for five months, and now performed by her husband. Claimant testified that prior to her accident she was responsible for all the household chores. After she underwent surgery for her injury a nurse was provided by the EC for four months. Thereafter *521 claimant's husband helped her, and for five months a maid was hired to perform all the household chores: cleaning, cooking, washing clothes, "Everything," except giving claimant a bath. Claimant acknowledged that her husband is able to do the work, "He can do it, but it's not the same thing as a woman." Since the maid left in January 1989, claimant's husband has been doing all the work: "Making the beds, cooking, cleaning laundry, full household chores." Prior to claimant's accident her husband did not do any of this work although he cut the grass occasionally. Prior to the accident, if claimant had to work late, her husband sometimes helped with the cooking and cleaning the floors. He did the vacuuming once or twice, but claimant stated she didn't like the way he vacuumed.
Claimant's husband testified that prior to her accident claimant was primarily responsible for maintaining their home, although he helped her out with things in the house, and took care of the yard. Claimant made the beds, did the laundry, cooked, cleaned, vacuumed, and did the shopping. During her employment the maid did almost all the household chores and cooking, and he occasionally helped her with some things. After the maid left, he did all the chores himself. He acknowledged no change in his life-style as a result of his new duties, although he has had to give up fishing.
Claimant's treating physician testified that following claimant's surgery he ordered a home health nurse for only four or five months because claimant should then be able to begin to do more things on her own, although she would need an undetermined amount of help with her housekeeping. She is capable of taking her own medication, bathing, dressing and feeding herself. Based on this evidence the Judge of Compensation Claims awarded attendant care benefits. This was in error.
Attendant care benefits for family members who are performing ordinary household chores has only been found to be proper when the extent of the attendant care being furnished by the family members is inseparably intertwined with household duties which they would be performing regardless. In such situations, the family members are usually performing sitter/custodial or on-call attendant care which requires them to be in constant attendance on the claimant but which does not preclude their contemporaneous performance of usual household duties. See, e.g., Williams v. Amax Chemical Corp., 543 So.2d 277 (Fla. 1st DCA 1989); Standard Blasting & Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla. 1986). Family members providing attendant care of an extraordinary extent are entitled to compensation because such services cannot be regarded as merely gratuitous. CATV Support Services, Inc. v. Lohr, 509 So.2d 1189 (Fla. 1st DCA 1987); Walt Disney World Co. v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983). However, the general rule remains that ordinary household duties performed by a family member are not the responsibility of the EC. South Coast Construction Co. v. Chizauskas, 172 So.2d 442 (Fla. 1965); Reason v. Motorola, Inc., 432 So.2d 644 (Fla. 1st DCA 1983); City of Leesburg v. Balliet, 413 So.2d 860 (Fla. 1st DCA 1982).
None of the exceptions apply in the instant case. Claimant's husband is not performing any of the nursing-type duties associated with attendant care, and claimant clearly does not require custodial or on-call attendance. The husband's activities for which the EC is being held responsible are wholly ordinary household chores. Neither the nature of claimant's injury, nor the extent of the imposition upon her husband's daily life, warrant the award of benefits for ordinary household duties which are being performed by a family member. Purely domestic services are not compensable. Aino's Custom Slip Covers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA 1988); Sealey Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA 1985).
With regard to the maid hired by claimant for five months, the fact that the household services in question were being provided by a third person nonfamily member does not mandate a different result. Even medically necessary household help *522 provided by a third party cannot be furnished at the EC's expense. Pan American World Airways, Inc. v. Weaver, 226 So.2d 801 (Fla. 1969).
Accordingly, the award of attendant care benefits is REVERSED.
SMITH and WIGGINTON, JJ., concur.