594 So.2d 855 (1992)
MERRITT SEA WALL and Amerisure/Michigan Mutual Insurance Company, Appellants,
v.
Jerry REVELS, Appellee.
No. 91-593.
District Court of Appeal of Florida, First District.
March 2, 1992.
Rex A. Hurley and John C. Bachman of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
R.W. Simmermon, Orlando, and Bill McCabe, Longwood, for appellee.
KAHN, Judge.
This workers' compensation case presents a claim for attendant care benefits under section 440.13(2), Florida Statutes. We affirm in part and reverse in part.
Appellee, Jerry Revels, suffered a serious work-related injury to his back on October 12, 1984, and ultimately had surgery at multiple levels in his lumbar spine. By an earlier compensation order dated March 22, 1989, the judge of compensation claims *856 (JCC) awarded Mr. Revels benefits for a permanent total disability. Thereafter, on March 15, 1990, Mr. Revels filed a claim for attendant care benefits. The JCC awarded these benefits retroactive to March 22, 1988. On appeal, the employer/carrier (E/C) argues that any award for services performed by Mr. Revels' wife should have been at the federal minimum wage rate, and not at the prevailing market rate, 24 hour a day attendant care is not warranted under the circumstances of this case, and the JCC erred by awarding attendant care benefits for the two years prior to March 15, 1990, the date Revels filed the claim.
As to the last issue, the E/C correctly points out that the JCC made no finding that the E/C either knew or should have known of the need for attendant care benefits prior to the filing of the claim. City of Leesburg v. Balliet, 413 So.2d 860 (Fla. 1st DCA 1982), requires the JCC to determine whether the nature of the injury was such to impute knowledge of the need for attendant care. The point is unavailing in the present case, however, since the E/C failed to raise and litigate below the question of preclaim benefits. The pretrial stipulation characterizes the E/C's position as "no attendant care due." Issues not raised before the JCC are not preserved for review and will not be addressed by the appellate court. Random House/RCA v. Malone, 553 So.2d 357 (Fla. 1st DCA 1989); Ravenswood-Griffin Volunteer Fire Department v. Newman, 422 So.2d 321 (Fla. 1st DCA 1982). Accordingly, we decline to treat this issue.
The JCC's award of 24 hour a day attendant care is supported by competent substantial evidence. In particular, we note the record testimony from Dr. James K. Shea with regard to substantial safety concerns in the event that someone is not present to attend to Mr. Revels' needs at all times. The JCC made a specific finding that, as a result of his injuries, Mr. Revels is a danger to himself and should not be left alone. While the record contains competing evidence on this issue, we will not reverse the findings and conclusions of the JCC where such are supported by competent substantial evidence.
We do, however, reverse paragraph one of the decretal portion of the order in which the JCC ordered the E/C to reimburse claimant's spouse "at a rate commensurate with the reasonable and normal charges for like services in the central Florida medical community from March 22, 1988 until October 1, 1989."
Before October 1, 1988, family members performing attendant care were compensated at the market rate. See Southland Corp. v. Anaya, 513 So.2d 203 (Fla. 1st DCA 1987). On October 1, 1988, an amendment to section 440.13(2), Florida Statutes, became effective. This amendment, codified as section 440.13(2)(e), Florida Statutes (Supp. 1988), offers two different rates at which family members may be compensated:
1. If the family member is not employed, the per hour value shall be that of the federal minimum wage.
2. If the family member is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be at the per hour value of such family member's former employment, not to exceed the per hour value of such care available in the community at large.
In 1989, the legislature once again amended section 440.13(2)(e) to limit benefits to a family member providing nonprofessional attendant care to no more than 12 hours a day. Ch. 89-289, §§ 10, 45, Laws of Fla.[1]
The federal minimum wage limitation contained in the 1988 amendment applies, since the JCC found that Mrs. Revels did not have to give up employment. The JCC erred by awarding attendant care benefits at the market rate until October 1, 1989. Mrs. Revels is only entitled to market rate compensation for services rendered through September 30, 1988. From October *857 1, 1988 until October 1, 1989, benefits at the federal minimum wage rate are mandated by statute, and the JCC's order must be modified accordingly.
Also, we cannot determine from the order which date the JCC intended the attendant care benefits to start. In paragraph one of the decretal portion of the order, the JCC ordered the reimbursement to begin on March 22, 1988. This date, however, is inconsistent with other parts of the order. In the findings of fact the JCC found
the Claimant has proven the need for twenty-four (24) hour a day custodial or attendant care beginning February 11, 1985, when he was discharged from the hospital after having undergone decompressive lumbar laminectomies at levels L-3 to S-1. Based on the testimony, I find that the spouse has, in effect, provided this attendant care since the above-referenced date and is entitled to be reimbursed at a rate commensurate with the value for said services... .
The JCC further found
the Claimant requires a level of care and performance of attendant services going beyond those household services which would be normally provided by family members and has required this since March 22, 1988, when he was released from the hospital.

The record indicates that the claimant was released from the hospital in February 1985. The JCC may have meant to choose March 22, 1988 as the starting date for attendant care benefits because the order mistakenly states that this was the date of the permanent total award. However, the record itself indicates that the JCC actually entered the permanent total order on March 22, 1989. On remand, the JCC should clarify which date the reimbursement begins.
AFFIRMED in part, REVERSED in part and remanded for further proceedings.
BOOTH and WOLF, JJ., concur.
NOTES
[1] This subsection was renumbered as section 440.13(2)(g) in 1990 and as section 440.13(2)(h) in 1991.