BOOTH, Judge.
This cause is before us on appeal from an order of the judge of compensation claims (JCC). Claimant/appellant argues inter alia that the JCC erred in limiting the award of attendant care benefits to 12 hours per day from October 24, 1989, the date of the claim, forward.
On August 16, 1984, claimant sustained, within the course of his employment with Multi Line Can Company, a devastating injury to his neck and lower back. As a result of the injury, claimant suffered paralysis, weakness, and loss of feeling in his right arm. Claimant is right-handed. Claimant underwent neck surgery for the purpose of relieving his symptoms, but the surgery afforded him only temporary relief. After the surgery, claimant sustained a severe infection of his neck, resulting in permanent damage to his trachea and larynx. Claimant underwent an emergency tracheostomy in April 1985. Because of the severity of the damage to claimant’s larynx and trachea, claimant will have to wear a tracheostomy tube for the rest of his life.[1]
The tracheostomy tube requires certain care. The inner part of the tube must be removed five to six times per day to be cleaned, sterilized, and reinserted, apparently into the outer part of the tube. The outer part of the tube must be removed, cleaned, and sterilized every other day. This process must be completed within three to five minutes, or the hole in claimant’s throat, claimant’s only means of breathing, may begin to close. The tube can clog with mucus at any time, and when this occurs, the situation is life-threatening. The tube must be removed and cleared by the use of a machine.
*1073 Claimant testified that he is unable to maintain the tube by himself, in that he would have to use a mirror to position the tube and because he cannot breathe when the tube is clogged. Claimant’s wife performs the routine maintenance on the tube. She also stays with claimant 24 hours per day so that she can clear the tube if it becomes clogged.
Dr. Carmelo Saraceno, a specialist in otolaryngology, performed the tracheos-tomy on claimant. Dr. Saraceno testified that, within a reasonable degree of medical probability, claimant will require 24-hour, on-call attendant care for the rest of his life for two reasons. First, tracheostomy patients, in general, are unable to perform emergency suctioning of their tracheosto-my tubes. Second, claimant, in particular, would find it “very, very difficult” to perform the routine care of his tracheostomy tube because of weakness and numbness in his right hand. Dr. Allen Goldman, a specialist in pulmonary disease and critical care, agreed that claimant required 24-hour-per-day, on-call attendant care. He believed that claimant was capable of performing the routine maintenance of the tracheostomy tube. The attendant care was necessary, however, in that claimant would be unable to respond to an emergency situation.
The JCC found:
The only medical evidence before me indicates a need for the Claimant to have someone available 24 hours per day, simply because it is indicated that the tracheotomy tube could become stopped up with phlegm or with bodily fluids, and have to be suctioned. The Claimant contends that he is not able to do this himself, but the evidence indicates that only rarely has he had to have this done on any thing [sic] other than the routine maintenance. This Claimant is able to drive himself around and is able to negotiate his motorized cart into the hearing room, in tight places, with no difficulty, evidencing the use of considerable dexterity. While I found this Claimant to be a very deserving Claimant, warm and friendly, I found it hard to accept his needing 24 hour per day care just because of the tracheotomy tube, which is the same apparatus utilized by most cancer of the throat victims. I find no reason to consider whether or not the 12 hour limitation of attendant care service provided by the 1989 amendments should be exceeded. I find, therefore, that the Claimant is entitled to 12 hours per day attendant care by his wife_ [emphasis in original]
The finding that claimant is entitled to only 12 hours per day of attendant care is not supported by competent, substantial evidence. While a JCC may reject unrefuted medical testimony as to the extent of a claimant’s need for attendant care, he must offer a sufficient reason for so doing if the reason is not apparent from the face of the record. Caron v. Systematic Air Services, 576 So.2d 372, 374 (Fla. 1st DCA 1991); Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336, 1337 (Fla. 1st DCA 1987) (stating general rule), review denied, 513 So.2d 1062 (Fla.1987). Any reasons given must logically support the JCC’s decision; they cannot be arbitrary and unreasonable. Fritz v. Courtyard by Marriott, 592 So.2d 1167 (Fla. 1st DCA 1992); H & A Frank’s Construction v. Mendoza, 582 So.2d 780, 781 (Fla. 1st DCA 1991). In rejecting the uncontroverted medical and lay testimony as to claimant’s need for 24-hour-per-day attendant care, the JCC cited claimant’s ability to operate a motorized cart and evidence that emergencies as to claimant’s tracheostomy tube only rarely arise. That claimant is able to operate a motorized cart of a type designed to accommodate persons having his physical restrictions, however, is not a sufficient reason to reject unrefuted medical evidence that claimant is unable to respond to life-threatening situations requiring emergency maintenance of the tra-cheostomy tube. The record is unclear as to the frequency with which the tube requires emergency suctioning. What is clear, however, is that such emergency may arise at any time. The perceived rarity of occurrence of a life-threatening, random emergency is not, under the circumstances of this case, an adequate justification for rejecting the medical evidence. *1074 Claimant is therefore entitled to an award of 24-hour-per-day attendant care.
We reject the employer/carrier’s argument that Section 440.13(2)(e)2, Florida Statutes (1989),[2] renders immaterial the claimant’s argument that the JCC erred in awarding only 12 hours per day of attendant care. The statute imposes no limit on claimant’s right to receive 24-hour-per-day attendant care should such be required. The statute merely limits the number of hours of care for which claimant’s wife may be paid. City of North Miami v. Towers, 584 So.2d 38 (Fla. 1st DCA 1991); Firestone Tire and Rubber v. Knowles, 561 So.2d 1293 (Fla. 1st DCA 1990); Mr. C’s TV Rental v. Murray, 559 So.2d 452, 453 (Fla. 1st DCA 1990).
The order appealed from is reversed to the extent indicated herein, and this cause is remanded for proceedings consistent herewith.
ZEHMER and WOLF, JJ., concur.

. The employer and carrier timely accepted claimant as permanently totally disabled. The only issue below was claimant’s entitlement to attendant care.

. The statute, effective October 1, 1989, provides in pertinent part:
In no event shall a family member providing nonprofessional attendant or custodial care pursuant to this paragraph be compensated for more than 12 hours per day.