PER CURIAM.
C.J. Langenfelder (employer) and Maryland Casualty (carrier) appeal a workers’ compensation order requiring them to pay Maureen Regina (claimant) temporary total disability (TTD) benefits, permanent total disability (PTD) benefits, attendant care benefits, and costs. Appellants raise three issues on this appeal. First, they contend it was error to award TTD benefits after claimant had reached maximum medical improvement (MMI). Second, they contend it was error to award PTD benefits in the absence of medical evidence that claimant was totally unable to work, because claimant had not conducted a good faith work search. Third, they contend it was error to award attendant care benefits for the performance of household services. We view the critical issues to be whether the record contains competent, substantial evidence to *1280 support the findings made on each of the contested benefits.
Addressing the second issue first, we conclude that the record contains competent, substantial evidence to support the award of PTD benefits from March 6,1990. We do so without further discussion, perceiving no useful precedential value to be served by a lengthy presentation of the factual circumstances unique to this case.
In view of our affirmance of the PTD award, it is unnecessary to address the award of TTD benefits, as the period of that award fell within the period covered by the PTD award after claimant had reached MMI.
We reverse the award of attendant care benefits for lack of competent, substantial evidence that such benefits are medically necessary. Neither physician on whose testimony this award was apparently based opined that the housekeeping services claimed to have been performed by claimant’s husband (who also was suffering from a serious back condition and receiving workers’ compensation benefits for such condition) were medically required by claimant’s physical condition beyond these services that family members normally provide gratuitously. § 440.13(2)(d), Fla.Stat. (1987). See Sealy Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA 1985). Moreover, the record does not contain competent, substantial evidence establishing the quantity, quality, and duration of the attendant care services that claimant contends her husband performed or that should be performed in the future by an outside attendant. See Barkett Computer Services v. Santana, 568 So.2d 520 (Fla. 1st DCA 1990); Perez v. Pennsuco Cement & Aggregates, 504 So.2d 1274 (Fla. 1st DCA 1986).
AFFIRMED IN PART AND REVERSED IN PART.
SMITH, ZEHMER and ALLEN, JJ., concur.