606 So.2d 422 (1992)
JACKSON MANOR NURSING HOME and Fireman's Fund Insurance, Appellants,
v.
Anita ORTIZ, Appellee.
No. 91-2517.
District Court of Appeal of Florida, First District.
September 4, 1992.
Donald F. Harrington, Miami, and Edward W. Levine of Marlow, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellants.
Mark L. Zientz of Williams & Zientz, Miami, for appellee.
KAHN, Judge.
Jackson Manor Nursing Home and Fireman's Fund Insurance Company, as employer/carrier, appeal a workers' compensation order requiring them to provide claimant Anita Ortiz with attendant care.
We reverse the order of the judge of compensation claims (JCC) because the record before us lacks competent substantial evidence of medical need for attendant care as required by section 440.13(2)(a), Florida Statutes (Supp. 1988).
*423 Section 440.13(2)(a), Florida Statutes (Supp. 1988), the statute in effect at the time of the injury, provides:
Subject to the limitations specified in s. 440.19(1)(b), the employer shall furnish to the employee such medically necessary remedial treatment, care and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require... .
Claimant is 53 years old and was employed as a maid by Jackson Manor Nursing Home on February 15, 1988, when she slipped and fell on a wet floor, injuring her low back. She later filed a claim for home attendant care. The JCC had before her the testimony of two treating physicians. Dr. Bacon, who performed an L5-S1 laminectomy on March 2, 1988, had no notation in his medical chart on the issue of attendant care for Ms. Ortiz. He did, however, indicate that Ms. Ortiz would have the following restrictions: "No sitting for more than an hour continuously, no standing for more than an hour continuously, no repetitive bending, no working overhead, no kneeling, lifting limits 20, 25 pounds."
Dr. Yates, the neurological surgeon who treated Ms. Ortiz from February 3, 1989 until April 12, 1990, released her to work with the limitations that she should not carry more than 20 pounds on a repetitive basis nor should she bend or stoop more than 12 times per hour. In response to a question asked him by claimant's attorney, Dr. Yates testified that Ms. Ortiz is not in need of home help. Dr. Yates further found that certain complaints made by Ms. Ortiz were not physically consistent with her medical condition.
Ms. Ortiz presented her own testimony, as well as that of her son and daughter-in-law. The substance of this testimony was that the son and daughter-in-law spend eight hours a day and one hour at night helping the claimant. They feed her, help her to the bathroom, help with bathing and dressing, give her medication, assist her in walking, and take her to the doctor.
In a post-hearing conference, the JCC accurately summarized the evidence that had been presented before her on the issue of attendant care:
[T]he problem is, in this case, that there is no doctor recommending or explaining why she feels the need for attendant care, but the family has apparently been rendering it for a period of time. Yates doesn't think she needs it ... Bacon ... says he doesn't know what her status was during that time. I really don't doubt that the family has been giving her this. My only problem, and I wanted to really address this to the two of you [attorney for claimant and for employer], is that there is no medical substantiation of any medical need.

* * * * * *
You know, I think she probably needs some care, just from looking at her. And I believe the daughter-in-law, that she was probably doing the care. I think the lady is not really trying the hardest I've seen of anybody to do anything for herself, but she is in therapy and she is trying to improve, I guess. She's kind of in an `injured person' syndrome where she's pretty convinced of her own injuries. But she does have  Bacon found her to have severe back pain and gave her some pretty severe limitations of range of motions, pretty severe restrictions on her ability of time that she can get up and do things. (e.s.)
Ten days after making these statements on the record, the JCC entered an order finding that as a result of the claimant's "permanent injury, and advanced age, she is unable to adequately care for herself at home and requires assistance in dressing, bathing, ambulating with the use of a walker; transportation to and from her attending physicians and preparation of her meals."
Although the 1990 amendment to section 440.13(2)(f), Florida Statutes, Ch. 90-201, § 18, Laws of Fla., which specifically requires that a physician prescribe home or custodial care is not applicable, Smith v. DRW Realty Services, 569 So.2d 462, 463, n. 1 (Fla. 1st DCA 1990), the case law nonetheless requires some showing of medical necessity. The JCC's determinations *424 concerning attendant care must be based on competent substantial evidence. Builders Square v. Drake, 557 So.2d 115 (Fla. 1st DCA 1990). Attendant care is awardable only under that section of the Workers' Compensation Act requiring the employer to furnish certain medical services and supplies. § 440.13, Fla. Stat. (Supp. 1988). In addition to the medical attendance referenced in section 440.13(2)(a), quoted above, the statute also requires the employer to provide "appropriate professional or nonprofessional custodial care when the nature of the injury so requires. . . ." § 440.13(2)(d), Fla. Stat. (Supp. 1988). We have interpreted the statute as requiring the employer to provide "medically necessary" benefits. Diamond R. Fertilizer v. Davis, 567 So.2d 451, 455 (Fla. 1st DCA 1990). A claimant's need must be clearly established. Id. This is not to say that the physician must in pre-1990 amendment cases state directly that attendant care is required. Rather, the medical evidence, in the absence of such a statement, must, in and of itself, demonstrate the necessity for such care. The import of the evidence in the present case is to the contrary, and the JCC erred by ignoring such evidence.
The right to attendant care in appropriate cases is longstanding. A review of the cases dealing with the provision of such care, however, clearly indicates that an award of attendant care must be founded upon medical necessity, just as would the award of any other medical services under the Workers' Compensation Act. See e.g., Oolite Rock Co. v. Deese, 134 So.2d 241 (Fla. 1961) (claimant incapable of taking care of his simplest needs required someone to attend him during his every waking hour); Pan American World Airways Inc. v. Weaver, 226 So.2d 801 (Fla. 1969) (claimant's treatment physician testified that claimant needed nursing assistance of a practical nature); Lopez v. Pennsuco Cement & Aggregates Inc., 401 So.2d 875 (Fla. 1st DCA 1981) (claimant suffering from work related manganese poisoning and, as a result, subject to spells of dizziness and repeated falls, required attendant care services, and same was warranted, despite failure of two physicians to recommend attendant care); Khawam v. Collision Clinics International Inc., 413 So.2d 827 (Fla. 1st DCA 1982) (claimant blinded in industrial accident demonstrated medical necessity for attendant care); Walt Disney World Co. v. Harrison, 443 So.2d 389, 393 (Fla. 1st DCA 1983) ("It is not the purpose of section 440.13 to burden family members with medically required nursing services and unskilled attendant care ..."); Farm v. Ferrell, 458 So.2d 1147 (Fla. 1st DCA 1984) (attendant care approved based upon record evidence of claimant's need for medical monitoring and assistance with basic personal activity, including his repeated incidents of drug overdose before and after provision of nursing services); Standard Blasting & Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986) (injured claimant left with the intellectual function of a three-year-old needed attendance by a responsible adult to insure personal safety); Honeycutt v. R.G. Butlers Dairy, 525 So.2d 984 (Fla. 1st DCA 1988) (claimant required assistance in taking medication, being supervised in his whirlpool bath, use of required medical apparatus, in doing leg extensions in an attempt to ease his muscle cramps, and in administering his traction); Merritt Seawall v. Revels, 594 So.2d 855 (Fla. 1st DCA 1992) (attendant care warranted by specific evidence that as a result of his injuries, claimant presents a danger to himself and should not be left alone).
In C.J. Langenfelder v. Regina, 601 So.2d 1279 (Fla. 1st DCA 1992), we reversed an attendant care award, noting:
We reverse the award of attendant care benefits for lack of competent, substantial evidence that such benefits are medically necessary. Neither physician on whose testimony this award was apparently based opined that the housekeeping services claimed to have been performed by claimant's husband (who also was suffering from a serious back condition and receiving workers' compensation benefits for such condition) were medically required by claimant's physical condition beyond those services that family members *425 normally provide gratuitously. Section 440.13(2)(d), Florida Statutes (1987). See Sealy Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA 1985). Moreover, the record does not contain competent substantial evidence establishing the quantity, quality and duration of the attendant care services that claimant contends her husband performed or that should be performed in the future by an outside attendant. See Barkett Computer Services v. Santana, 568 So.2d 520 (Fla. 1st DCA 1990); Perez v. Pennsuco Cement & Aggregates, 504 So.2d 1274 (Fla. 1st DCA 1986).
On the question of medical need for attendant care, Dr. Yates' testimony was unrefuted. In other cases, we have not hesitated to reverse where a JCC has without cause rejected unrefuted medical testimony. See Turner v. G. Pierce Wood Memorial Hospital, 600 So.2d 1153 (Fla. 1st DCA 1992) (in which Judge Zehmer, for the court, noted, "In effect, the judge erroneously substituted for this unrefuted medical evidence his own opinion ..."); Collura v. Multi Line Can Co., 598 So.2d 1072 (Fla. 1st DCA 1992) (error to reject unrefuted medical testimony as to need for attendant care, unless sufficient reason is offered or reason is apparent from the record); Burris v. Goodyear, 577 So.2d 1376 (Fla. 1st DCA 1991) (JCC may not reject unrefuted medical testimony as to attendant care without giving sufficient reasons); see also, Severini v. Pan American Beauty School, 557 So.2d 896 (Fla. 1st DCA 1990); Patterson v. Wellcraft Marine, 509 So.2d 1195 (Fla. 1st DCA 1987); Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA 1987), rev. denied, 513 So.2d 1062 (Fla. 1987).
We REVERSE the award to claimant of attendant care benefits.
SMITH, J., concurs.
ERVIN, J., dissents with written opinion.
ERVIN, Judge, dissenting.
The majority acknowledges that the 1990 amendment to Section 440.13(2)(f), Florida Statutes, requiring that a physician prescribe home or custodial care, is not applicable to a work-related injury which occurred, as here, prior to the effective date of the amendment. Nevertheless, the majority concludes that, even as to such pre-1990 amendment injuries, a physician must indicate the medical necessity for attendant care, and that conflicting lay testimony to such effect cannot support a judge's determination of medical necessity for such care. I do not agree.
In the present case, claimant, a 53-year-old Honduran national, following a laminectomy at the L5-S1 level, was determined by her physician to have a 15-percent permanent impairment to the body as whole, with a maximum medical improvement date of sometime between February 15, 1989 and June 20, 1990. Her physician, as indicated in the majority's opinion, placed severe restrictions on her work activities. The judge found from the evidence that as a result of the claimant's permanent injury and advanced age she was unable to adequately care for herself in performing such tasks as dressing, bathing, ambulating with the use of a walker, traveling to and from her attending physician's offices, and preparing her meals. She based her findings on the testimony of claimant, her son, and her daughter-in-law, each of whom testified that the son and daughter-in-law spent eight hours a day and one hour at night assisting the claimant in such activities. Examples of extraordinary services that go beyond gratuitous or ordinary household duties and thus constitute medically necessary attendant care services, recoverable from an employer even if provided by family members, include bathing, dressing, administering medication, and assisting with sanitary functions. Marlowe v. Dogs Only Grooming, 589 So.2d 990 (Fla. 1st DCA 1991); Rodriguez v. Howard Indus., 588 So.2d 646 (Fla. 1st DCA 1991); Sealey Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA 1985).
Contrary to the majority's holding, in pre-1990 amendment cases we have specifically held that a physician's recommendation is not a prerequisite to an award of custodial care. Smith v. DRW Realty *426 Servs., 569 So.2d 462, 464 (Fla. 1st DCA 1990) (on rehearing); John Barley Memorial v. Gillam, 550 So.2d 1179, 1180 (Fla. 1st DCA 1989). See also Lopez v. Pennsuco Cement & Aggregates, Inc., 401 So.2d 875, 876 (Fla. 1st DCA 1981) (reversing a denial of attendant care services, despite the lack of any evidence from a physician recommending such care, in that "the overwhelming weight of the evidence in this record" supported the need for such care).
As a general rule, nonmedical evidence may establish a claimant's need for medically necessary treatment or apparatus under section 440.13(2)(a), so long as such need is readily apparent from nonmedical testimony and evidence. See Fidelty & Casualty Co. of N.Y. v. Cooper, 382 So.2d 1331, 1332 (Fla. 1st DCA 1980) (nonmedical evidence pertaining to the loss of claimant's left hand showed an obvious need for modifications to his motorcycle). Indeed, we have recognized that although lay testimony cannot be used in lieu of medical evidence to establish the causal relationship between an injury and conditions and symptoms that are not readily observable, lay testimony is of probative value in establishing the sequence of events, the actual ability or inability of a claimant to perform work, pain, and similar factors within the actual sensory experience of the claimant. Moreover, a determination based upon such factors may be supported by nonmedical testimony that is contrary to medical evidence. See, e.g., Peters v. Armellini Express Lines, 527 So.2d 266 (Fla. 1st DCA 1988); Cook v. Key Colony Beach Golf Club, 510 So.2d 1026 (Fla. 1st DCA 1987); Broadfoot v. Albert Hugo Ass'n, Inc., 478 So.2d 863 (Fla. 1st DCA 1985); Jackson v. Dade County School Bd., 454 So.2d 765 (Fla. 1st DCA 1984); Decks, Inc. of Fla. v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980). Thus, "lay testimony can establish the necessary relationship as to conditions and symptoms which are within the actual knowledge and sensory experience of the claimant." Decks, 389 So.2d at 1076.
Claimant specifically stated that she required the assistance given her by her son and daughter-in-law in that she was unable to dress herself without help, nor was she able to go to her attending physician's office without assistance, because she fell when she once attempted to do so by herself. Claimant also stated that she requires frequent massages due to constant pain. Surely this testimony was within the actual knowledge and sensory experience of the claimant.
The majority's reliance on Langenfelder v. Regina, 601 So.2d 1279 (Fla. 1st DCA 1992), moreover, is not well founded. There this court noted that neither physician opined that the services rendered by the claimant's husband were "medically required by claimant's physical condition beyond [those] services that family members normally provide gratuitously." Id. at 1279 (emphasis added). As earlier observed in this dissent, the services provided appellant by her son and daughter-in-law clearly fell into the category of extraordinary  not gratuitous  services. Additionally, the court stated in Regina that the record did not contain evidence showing the "quantity, quality, and duration of the attendant care services," citing Barkett Computer Services v. Santana, 568 So.2d 520 (Fla. 1st DCA 1990)), and Perez v. Pennsuco Cement & Aggregates, 504 So.2d 1274 (Fla. 1st DCA 1986). Regina, 601 So.2d at 1279. A reading of those cases shows only that the services provided involved ordinary household duties, or that the duration of the time of extraordinary services was unsubstantiated. There was no contention in those cases, as there was here, that the only competent evidence establishing the medical necessity for attendant care was medical testimony.
The judge's findings are fully supported by the record in that, as indicated from the above authorities, no medical evidence is required to support a determination of medical necessity of attendant care services as to pre-1990 amendment cases. I would therefore affirm.