KAHN, Judge.
Jackson Manor Nursing Home and Fireman’s Fund Insurance Company, as employer/ carrier, appeal a workers’ compensation order requiring them to provide claimant Anita Ortiz with attendant care.
We reverse the order of the judge of compensation claims (JCC) because the record before us lacks competent substantial evidence of medical need for attendant care as required by section 440.13(2)(a), Florida Statutes (Supp.1988).
*423 Section 440.13(2)(a), Florida Statutes (Supp.1988), the statute in effect at the time of the injury, provides:
Subject to the limitations specified in s. 440.19(l)(b), the employer shall furnish to the employee such medically necessary remedial treatment, care and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require....
Claimant is 53 years old and was employed as a maid by Jackson Manor Nursing Home on February 15, 1988, when she slipped and fell on a wet floor, injuring her low back. She later filed a claim for home attendant care. The JCC had before her the testimony of two treating physicians. Dr. Bacon, who performed an L5-S1 lami-nectomy on March 2, 1988, had no notation in his medical chart on the issue of attendant care for Ms. Ortiz. He did, however, indicate that Ms. Ortiz would have the following restrictions: “No sitting for more than an hour continuously, no standing for more than an hour continuously, no repetitive bending, no working overhead, no kneeling, lifting limits 20, 25 pounds.”
Dr. Yates, the neurological surgeon who treated Ms. Ortiz from February 3, 1989 until April 12, 1990, released her to work with the limitations that she should not carry more than 20 pounds on a repetitive basis nor should she bend or stoop more than 12 times per hour. In response to a question asked him by claimant’s attorney, Dr. Yates testified that Ms. Ortiz is not in need of home help. Dr. Yates further found that certain complaints made by Ms. Ortiz were not physically consistent with her medical condition.
Ms. Ortiz presented her own testimony, as well as that of her son and daughter-in-law. The substance of this testimony was that the son and daughter-in-law spend eight hours a day and one hour at night helping the claimant. They feed her, help her to the bathroom, help with bathing and dressing, give her medication, assist her in walking, and take her to the doctor.
In a post-hearing conference, the JCC accurately summarized the evidence that had been presented before her on the issue of attendant care:
[T]he problem is, in this case, that there is no doctor recommending or explaining why she feels the need for attendant care, but the family has apparently been rendering it for a period of time. Yates doesn’t think she needs it ... Bacon ... says he doesn’t know what her status was during that time. I really don’t doubt that the family has been giving her this. My only problem, and I wanted to really address this to the two of you [attorney for claimant and for employer], is that there is no medical substantiation of any medical need.
[[Image here]]
You know, I think she probably needs some care, just from looking at her. And I believe the daughter-in-law, that she was probably doing the care. I think the lady is not really trying the hardest I’ve seen of anybody to do anything for herself, but she is in therapy and she is trying to improve, I guess. She’s kind of in an ‘injured person’ syndrome where she’s pretty convinced of her own injuries. But she does have — Bacon found her to have severe back pain and gave her some pretty severe limitations of range of motions, pretty severe restrictions on her ability of time that she can get up and do things, (e.s.)
Ten days after making these statements on the record, the JCC entered an order finding that as a result of the claimant’s “permanent injury, and advanced age, she is unable to adequately care for herself at home and requires assistance in dressing, bathing, ambulating with the use of a walker; transportation to and from her attending physicians and preparation of her meals.”
Although the 1990 amendment to section 440.13(2)(f), Florida Statutes, Ch. 90-201, § 18, Laws of Fla., which specifically requires that a physician prescribe home or custodial care is not applicable, Smith v. DRW Realty Services, 569 So.2d 462, 463, n. 1 (Fla. 1st DCA1990), the case law nonetheless requires some showing of medical necessity. The JCC’s determina *424 tions concerning attendant care must be based on competent substantial evidence. Builders Square v. Drake, 557 So.2d 115 (Fla. 1st DCA1990). Attendant care is awardable only under that section of the Workers’ Compensation Act requiring the employer to furnish certain medical services and supplies. § 440.13, Fla.Stat. (Supp.1988). In addition to the medical attendance referenced in section 440.13(2)(a), quoted above, the statute also requires the employer to provide “appropriate professional or nonprofessional custodial care when the nature of the injury so requires _” § 440.13(2)(d), Fla.Stat. (Supp.1988). We have interpreted the statute as requiring the employer to provide “medically necessary” benefits. Diamond R. Fertilizer v. Davis, 567 So.2d 451, 455 (Fla. 1st DCA1990). A claimant's need must be clearly established. Id. This is not to say that the physician must in pre-1990 amendment cases state directly that attendant care is required. Rather, the medical evidence, in the absence of such a statement, must, in and of itself, demonstrate the necessity for such care. The import of the evidence in the present case is to the contrary, and the JCC erred by ignoring such evidence.
The right to attendant care in appropriate cases is longstanding. A review of the cases dealing with the provision of such care, however, clearly indicates that an award of attendant care must be founded upon medical necessity, just as would the award of any other medical services under the Workers’ Compensation Act. See e.g., Oolite Rock Co. v. Deese, 134 So.2d 241 (Fla.1961) (claimant incapable of taking care of his simplest needs required someone to attend him during his every waking hour); Pan American World Airways Inc. v. Weaver, 226 So.2d 801 (Fla.1969) (claimant’s treatment physician testified that claimant needed nursing assistance of a practical nature); Lopez v. Pennsuco Cement & Aggregates Inc., 401 So.2d 875 (Fla. 1st DCA1981) (claimant suffering from work related manganese poisoning and, as a result, subject to spells of dizziness and repeated falls, required attendant care services, and same was warranted, despite failure of two physicians to recommend attendant care); Khawam v. Collision Clinics International Inc., 413 So.2d 827 (Fla. 1st DCA1982) (claimant blinded in industrial accident demonstrated medical necessity for attendant care); Walt Disney World Co. v. Harrison, 443 So.2d 389, 393 (Fla. 1st DCA 1983) (“It is not the purpose of section 440.13 to burden family members with medically required nursing services and unskilled attendant care ... ”); Farm v. Ferrell, 458 So.2d 1147 (Fla. 1st DCA1984) (attendant care approved based upon record evidence of claimant’s need for medical monitoring and assistance with basic personal activity, including his repeated incidents of drug overdose before and after provision of nursing services); Standard Blasting & Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA1985), rev. denied, 488 So.2d 68 (Fla.1986) (injured claimant left with the intellectual function of a three-year-old needed attendance by a responsible adult to insure personal safety); Honeycutt v. R.G. Butlers Dairy, 525 So.2d 984 (Fla. 1st DCA1988) (claimant required assistance in taking medication, being supervised in his whirlpool bath, use of required medical apparatus, in doing leg extensions in an attempt to ease his muscle cramps, and in administering his traction); Merritt Seawall v. Revels, 594 So.2d 855 (Fla. 1st DCA1992) (attendant care warranted by specific evidence that as a result of his injuries, claimant presents a danger to himself and should not be left alone).
In C.J. Langenfelder v. Regina, 601 So.2d 1279 (Fla. 1st DCA1992), we reversed an attendant care award, noting:
We reverse the award of attendant care benefits for lack of competent, substantial evidence that such benefits are medically necessary. Neither physician on whose testimony this award was apparently based opined that the housekeeping services claimed to have been performed by claimant’s husband (who also was suffering from a serious back condition and receiving workers’ compensation benefits for such condition) were medically required by claimant’s physical condition beyond those services that family mem *425 bers normally provide gratuitously. Section 440.13(2)(d), Florida Statutes (1987). See Sealy Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA1985). Moreover, the record does not contain competent substantial evidence establishing the quantity, quality and duration of the attendant care services that claimant contends her husband performed or that should be performed in the future by an outside attendant. See Barkett Computer Services v. Santana, 568 So.2d 520 (Fla. 1st DCA1990); Perez v. Pennsuco Cement & Aggregates, 504 So.2d 1274 (Fla. 1st DCA1986).
On the question of medical need for attendant care, Dr. Yates’ testimony was un-refuted. In other cases, we have not hesitated to reverse where a JCC has without cause rejected unrefuted medical testimony. See Turner v. G. Pierce Wood Memorial Hospital, 600 So.2d 1153 (Fla. 1st DCA1992) (in which Judge Zehmer, for the court, noted, “In effect, the judge erroneously substituted for this unrefuted medical evidence his own opinion ... ”); Collura v. Multi Line Can Co., 598 So.2d 1072 (Fla. 1st DCA1992) (error to reject unrefut-ed medical testimony as to need for attendant care, unless sufficient reason is offered or reason is apparent from the record); Burris v. Goodyear, 577 So.2d 1376 (Fla. 1st DCA1991) (JCC may not reject unrefut-ed medical testimony as to attendant care without giving sufficient reasons); see also, Severini v. Pan American Beauty School, 557 So.2d 896 (Fla. 1st DCA1990); Patterson v. Wellcraft Marine, 509 So.2d 1195 (Fla. 1st DCA1987); Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA1987), rev. denied, 513 So.2d 1062 (Fla.1987).
We REVERSE the award to claimant of attendant care benefits.
SMITH, J., concurs.
ERVIN, J., dissents with written opinion.