ERVIN, Judge,
dissenting.
The majority acknowledges that the 1990 amendment to Section 440.13(2)(f), Florida Statutes, requiring that a physician prescribe home or custodial care, is not applicable to a work-related injury which occurred, as here, prior to the effective date of the amendment. Nevertheless, the majority concludes that, even as to such pre-1990 amendment injuries, a physician must indicate the medical necessity for attendant care, and that conflicting lay testimony to such effect cannot support a judge’s determination of medical necessity for such care. I do not agree.
In the present case, claimant, a 53-year-old Honduran national, following a laminec-tomy at the L5-S1 level, was determined by her physician to have a 15-percent permanent impairment to the body as whole, with a maximum medical improvement date of sometime between February 15, 1989 and June 20, 1990. Her physician, as indicated in the majority’s opinion, placed severe restrictions on her work activities. The judge found from the evidence that as a result of the claimant’s permanent injury and advanced age she was unable to adequately care for herself in performing such tasks as dressing, bathing, ambulating with the use of a walker, traveling to and from her attending physician’s offices, and preparing her meals. She based her findings on the testimony of claimant, her son, and her daughter-in-law, each of whom testified that the son and daughter-in-law spent eight hours a day and one hour at night assisting the claimant in such activities. Examples of extraordinary services that go beyond gratuitous or ordinary household duties and thus constitute medically necessary attendant care services, recoverable from an employer even if provided by family members, include bathing, dressing, administering medication, and assisting with sanitary functions. Marlowe v. Dogs Only Grooming, 589 So.2d 990 (Fla. 1st DCA1991); Rodriguez v. Howard Indus., 588 So.2d 646 (Fla. 1st DCA1991); Sealey Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA1985).
Contrary to the majority’s holding, in pre-1990 amendment cases we have specifically held that a physician’s recommendation is not a prerequisite to an award of custodial care. Smith v. DRW Realty *426 Servs., 569 So.2d 462, 464 (Fla. 1st DCA1990) (on rehearing); John Barley Memorial v. Gillam, 550 So.2d 1179, 1180 (Fla. 1st DCA1989). See also Lopez v. Pennsuco Cement & Aggregates, Inc., 401 So.2d 875, 876 (Fla. 1st DCA1981) (reversing a denial of attendant care services, despite the lack of any evidence from a physician recommending such care, in that “the overwhelming weight of the evidence in this record” supported the need for such care).
As a general rule, nonmedical evidence may establish a claimant’s need for medically necessary treatment or apparatus under section 440.13(2)(a), so long as such need is readily apparent from nonmedical testimony and evidence. See Fidelty & Casualty Co. of N.Y. v. Cooper, 382 So.2d 1331, 1332 (Fla. 1st DCA1980) (nonmedical evidence pertaining to the loss of claimant’s left hand showed an obvious need for modifications to his motorcycle). Indeed, we have recognized that although lay testimony cannot be used in lieu of medical evidence to establish the causal relationship between an injury and conditions and symptoms that are not readily observable, lay testimony is of probative value in establishing the sequence of events, the actual ability or inability of a claimant to perform work, pain, and similar factors within the actual sensory experience of the claimant. Moreover, a determination based upon such factors may be supported by nonmedical testimony that is contrary to medical evidence. See, e.g., Peters v. Armellini Express Lines, 527 So.2d 266 (Fla. 1st DCA1988); Cook v. Key Colony Beach Golf Club, 510 So.2d 1026 (Fla. 1st DCA1987); Broadfoot v. Albert Hugo Ass’n, Inc., 478 So.2d 863 (Fla. 1st DCA1985); Jackson v. Dade County School Bd., 454 So.2d 765 (Fla. 1st DCA1984); Decks, Inc. of Fla. v. Wright, 389 So.2d 1074 (Fla. 1st DCA1980). Thus, “lay testimony can establish the necessary relationship as to conditions and symptoms which are within the actual knowledge and sensory experience of the claimant.” Decks, 389 So.2d at 1076.
Claimant specifically stated that she required the assistance given her by her son and daughter-in-law in that she was unable to dress herself without help, nor was she able to go to her attending physician’s office without assistance, because she fell when she once attempted to do so by herself. Claimant also stated that she requires frequent massages due to constant pain. Surely this testimony was within the actual knowledge and sensory experience of the claimant.
The majority’s reliance on Langenfelder v. Regina, 601 So.2d 1279 (Fla. 1st DCA1992), moreover, is not well founded. There this court noted that neither physician opined that the services rendered by the claimant’s husband were “medically required by claimant’s physical condition beyond [those] services that family members normally provide gratuitously. ” Id. at 1279 (emphasis added). As earlier observed in this dissent, the services provided appellant by her son and daughter-in-law clearly fell into the category of extraordinary — not gratuitous — services. Additionally, the court stated in Regina that the record did not contain evidence showing the “quantity, quality, and duration of the attendant care services,” citing Barkett Computer Services v. Santana, 568 So.2d 520 (Fla. 1st DCA1990)), and Perez v. Pennsuco Cement & Aggregates, 504 So.2d 1274 (Fla. 1st DCA1986). Regina, 601 So.2d at 1279. A reading of those cases shows only that the services provided involved ordinary household duties, or that the duration of the time of extraordinary services was unsubstantiated. There was no contention in those cases, as there was here, that the only competent evidence establishing the medical necessity for attendant care was medical testimony.
The judge’s findings are fully supported by the record in that, as indicated from the above authorities, no medical evidence is required to support a determination of medical necessity of attendant care services as to pre-1990 amendment cases. I would therefore affirm.