PER CURIAM.
We affirm the order of the judge of compensation claims finding claimant to be temporarily and totally disabled, directing the employer/carrier to pay the outstanding medical bills of Dr. Leak and Dr. Sullivan, and authorizing the continued treatment of these doctors as well as further medical testing. However, as to the award of attendant care benefits for the services performed by claimant’s husband, we af *354 firm only that portion claimed relating to services rendered for her personal care, amounting to approximately five hours per week as indicated in claimant’s affidavit. That claim was both reasonable and medically necessary, and supported by Dr. Leak’s testimony. Nevertheless, the remainder of the care awarded — amounting to approximately 6.5 hours per week and encompassing services rendered for house cleaning and shopping — was clearly erroneous. See Aino’s Custom Slip Covers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA1988); Sealey Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA1985). Consequently, that portion of the award is reversed.
AFFIRMED, in part, and REVERSED, in part.
WEBSTER and MICKLE, JJ., and SCHWARTZ, ALAN R., Associate Judge, concur.