541 So.2d 652 (1989)
ORANGE COUNTY SHERIFF'S DEPARTMENT and Crum and Forster Commercial Insurance, Appellants,
v.
Luis PEREZ, Appellee.
No. 88-1073.
District Court of Appeal of Florida, First District.
March 2, 1989.
Rehearing Denied May 3, 1989.
*653 Robert C. Barrett of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellants.
Michael M. O'Brien and James R. Hooper of O'Brien & Hooper, P.A., Orlando, for appellee.
JOANOS, Judge.
The Orange County Sheriff's Department and Crum and Forster Commercial Insurance (employer/carrier or E/C) have appealed an order of the deputy commissioner awarding claimant Perez attendant care benefits, designating Perez's wife as the attendant and setting the rate at which she is to be paid. We affirm in part and reverse in part.
Perez, a sheriff's deputy, suffers from post-traumatic stress syndrome as the result of a 1985 shooting incident in which he was severely wounded. Perez filed the instant claim for attendant care benefits on November 30, 1987, a time at which the record is clear that Perez's wife was working full-time outside the home. It also appears that Perez himself could handle his personal needs and indeed was able to spend some days away from home at a friend's car lot.
The first medical opinion of a need for attendant care was expressed in a January 28, 1988 letter from Perez's treating physician, Dr. Kirkland, who opined that a 16-hour per day attendant was needed to help Perez "stay cool" when his condition caused him to become panicked and agitated. The E/C proceeded to authorize such care, but only from a nursing agency, from a family friend who would be paid directly by the E/C, or from Perez's wife at a rate of $160.00 per week, the salary which she received from her outside employment. The first of these offers was rejected by Dr. Kirkland as inconsistent with his recommendations, and the E/C made no effort to locate a suitable "family friend." Therefore, the claim was heard on the issues of Perez's entitlement to attendant care from his wife and at what rate.
Expert testimony was received at the hearing to the effect that, while Mrs. Perez was not the optimal choice to serve as *654 Perez's attendant, Perez's acceptance of her in that role was crucial to the success of the care. The evidence was conflicting on the issue of the rate at which Mrs. Perez should be paid, but there was testimony that a nursing service would charge between $5.00 and $6.00 per hour for the care required by Dr. Kirkland. The deputy entered an order awarding attendant care from the date of the claim, November 30, 1987 and ongoing for so long as Perez's condition required it, designating Mrs. Perez as the attendant and requiring that she be paid $6.00 per hour for her services.
The E/C argues first that the deputy should not have designated Mrs. Perez as claimant's attendant and, further, that her reimbursement at a rate of $6.00 per hour was an improper windfall. We affirm on both issues as the deputy's determinations thereon are plainly supported by competent substantial evidence. However, the E/C's argument that it was error to award reimbursement for attendant care for the period from November 30, 1987 to January 28, 1988 is well taken and it is on this point that reversal is required.
It is the burden of a claimant for attendant care to prove the quantity, quality and duration of attendant services claimed. Jones v. McGhee, 502 So.2d 509 (Fla. 1st DCA 1987). Here, the deputy awarded 16-hour per day attendant care for a period where the only record evidence shows that the purported caretaker was working at an outside job for nine hours during the day, and that claimant himself was capable of tending to his personal needs and spending many days completely away from home. A blanket award of attendant care without regard to the actual performance of those services is error. Perez v. Pennsuco Cement and Aggregates, 504 So.2d 1274, 1275 (Fla. 1st DCA 1986). Even assuming that the medical evidence taken below supports the need for attendant care during the period in question, if no services were actually performed for claimant (or if he took care of himself), an award of attendant care would be inappropriate.
The record below does not contain competent evidence that Mrs. Perez, or any other caretaker or family member, actually spent 16 hours per day performing attendant care services for Perez during the period in question. We therefore reverse the attendant care award for the period from November 30, 1987 to January 27, 1988, and remand for further proceedings so that evidence may be received on the issue of how much time was actually spent in the performance of attendant care duties.
BOOTH and MINER, JJ., concur.