578 So.2d 48 (1991)
RAMADA INN SOUTH AIRPORT, and Claims Center, Appellant,
v.
M. Diane LAMOUREUX, Appellee.
No. 89-2152.
District Court of Appeal of Florida, First District.
April 18, 1991.
B.C. Pyle, Orlando, for appellants.
Frederic M. Schott, of Myers and Mooney, P.A., Orlando, for appellee.
MINER, Judge.
In this workers' compensation appeal, the employer/carrier (e/c) challenge portions of the Judge of Compensation Claims' (JCC's) order awarding past and future attendant care, ordering e/c to furnish a handicapped-equipped van, denying e/c's motion to reduce claimant's benefits, and awarding costs and attorney's fees. Although we must reverse or modify portions of the attendant care award, we affirm as to all other issues without elaboration.
*49 The claimant, M. Diane Lamoureux, had a compensable accident on October 5, 1985, while working as a cashier for employer, Ramada Inn South Airport. Although initially the injuries did not seem severe, a chain of events which the JCC described as "involving an abundance of human misery" left claimant with the functional equivalent of paraplegia. The deterioration in claimant's condition became apparent during a vacation in Maine. After prolonged periods of hospitalization in Maine, claimant was discharged in July 1987. She lived at her sister's unoccupied home in Maine until moving to Massachusetts in June 1988 to live near her family. E/c provided temporary total disability benefits and attendant care throughout this period, but following claimant's move to Massachusetts, e/c reduced the amount of attendant care. Evidence was presented that the reduction in hours was based in part on the belief that claimant's 21-year-old son was providing assistance.
At the hearing on June 21, 1989, claimant sought payment for attendant care services provided by her son following her move to Massachusetts in June 1988. Claimant presented a contract which she and her son had entered into, in which she agreed to pay him $12.00 per hour for sleeping in her apartment, helping her with hygiene, and running various errands. Claimant testified that her son lived with her, but the only evidence of his assistance was her testimony that he emptied bedpans and helped her change clothes and bedding when she frequently became incontinent. The son did not testify, and our review of the voluminous record has failed to uncover evidence as to the amount of time the son spent assisting the claimant.
The JCC determined that claimant required 12 hours of attendant care per day, or 84 hours per week, during the period from June 1988 through the hearing on June 21, 1989. Because e/c had only provided 34 hours of care per week during this period, the JCC calculated a shortfall of 50 hours per week. Without making findings as to the amount of services actually performed by the son, the JCC proceeded to order e/c to pay claimant's son for the full 50-hour-per-week shortfall.
Although competent substantial evidence supported the need for 12 hours of attendant care per day during the period in question, the JCC erred in ordering payment without regard to the services actually performed. We have held that it is improper to order payment for past attendant care based solely upon the claimant's need for care, and without regard to the services actually performed. See Orange County Sheriff's Department v. Perez, 541 So.2d 652 (Fla. 1st DCA 1989); Perez v. Pennsuco Cement & Aggregates, 504 So.2d 1274 (Fla. 1st DCA 1986). Because there is no competent substantial evidence in the record to support a finding that claimant's son spent 50 hours per week assisting her, we must reverse the award and remand for further proceedings so that testimony may be taken on the issue of how much time was actually spent by the son in performance of attendant care services for which reimbursement may be had. See Orange County, supra. For the purpose of determining the rate to be paid to the son for services rendered after October 1, 1988, we direct the JCC's attention to our holdings in Williams v. Amax Chemical Corporation, 543 So.2d 277 (Fla. 1st DCA 1989), and Mr. C's TV Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990).
Concerning future attendant care, we note that the JCC ordered the e/c to provide around-the-clock care "until further order of this Court." As worded, the decretal portion of the JCC's order places the JCC in the position of supervising the provision of future care, and thus violates the long-standing principle that the Workers' Compensation Law should be self-executing. Although we find that competent substantial evidence supports the JCC's award, we must modify the decretal portion of the order so that future attendant care does not extend past such period as the nature of claimant's injury or the process of recovery may require.
Accordingly, we reverse the award of past attendant care provided by the claimant's son, and remand for further proceedings *50 consistent with this opinion. We affirm the award of future attendant care as modified. As to all other issues presented, we affirm.
SHIVERS, C.J., and JOANOS, J., concur.