PER CURIAM.
In this workers’ compensation case, the employer and carrier (e/c) challenge an award compensating the claimant’s husband for attendant care services. The e/c argue that the Judge of Compensation Claims (JCC) made an improper “blanket award” of attendant care which was unsupported by competent substantial evidence concerning the quantity of care actually provided by the claimant’s husband. We agree that the award must be reversed, and we remand the case for further proceedings.
The claimant injured her arms in industrial accidents in 1985 and 1986. Serious complications left her “barely able to function” in the opinion of her treating physician. Apparently, much of the deterioration in her condition took place sometime around August 1987, at which time the e/c began making weekly payments to her hus *251 band for attendant care services. The claimant was classified as permanently and totally disabled effective in June 1989. Almost a year later, a claim was filed seeking payment for past and future attendant care services provided by the claimant’s husband from August 1987. The claimant requested payment at the minimum wage for 64 hours of care per week, an amount far exceeding that which had been paid by the e/c.
At the hearing, the claimant presented expert testimony establishing her need for “on-call” care during the period in question. In addition to establishing the medical necessity of the claimed 64 hours, expert opinion indicated that the claimant needed 12 hours of care each weekday and a total of four hours over each weekend. It was also established, however, that the husband had full-time employment outside the home during the entire period in question. His workplace was only a few minutes from home, and the claimant testified that he returned to assist her “fairly frequently.” Still, the record is silent as to how the husband was able to work full-time while providing 12 hours of attendant care each weekday. This question was not addressed in the JCC’s order awarding the requested care:
I specifically find that it is imperative that Mark Kuring be at arms length and for all practical purposes “on call” at all hours of the day even while he is at work.... I find that the very mere fact that claimant’s husband is obligated at all times to be near his wife in case an emergency in and of itself would allow for a finding similar to that which I have concluded herein and that competent substantial evidence exists of record to justify the hours recommended by the experts.
The JCC proceeded to award 12 hours of attendant care per weekday and 4 hours over the weekend. The claimant’s husband was to be compensated for these hours from August 1987.
The JCC erred in basing his award solely upon the claimant’s need for attendant care without regard to the services actually performed by the caregiver. See Ramada Inn South Airport v. Lamour-eux, 578 So.2d 48, 49 (Fla. 1st DCA), rev. denied, 587 So.2d 1328 (Fla.1991); Orange County Sheriff's Dep’t v. Perez, 541 So.2d 652 (Fla. 1st DCA 1989); Perez v. Pennsuco Cement & Aggregates, 504 So.2d 1274 (Fla. 1st DCA 1986). Although the JCC’s order cites competent substantial evidence establishing the claimant’s need for care, no mention is made of the hours expended by the husband. In fact, the husband’s own testimony indicates that only six hours per day were spent caring for his wife and, when ordinary household tasks were excluded, he only spent three hours per day.
In defense of the award, the claimant argues that this was “on-call” attendance, and thus the husband must be compensated for otherwise noncompensable activities so long as he was “on-call” at the time the activities were performed. We reject such an argument under the circumstances of the instant case. Even if this was “on-call” attendance, we find no authority permitting payment for time the caregiver was employed out of the claimant’s presence. Thus, to the extent payment was awarded for hours that the husband was not at home, it should be reversed, regardless of whether the claimant had a need for attendance during that time. See Orange County Sheriff's Dep’t v. Perez, supra.
It is unclear what portion of the award compensated the husband for hours he was employed outside the home. We therefore reverse the attendant care award and remand the case for further proceedings so that the JCC may take evidence concerning the number of hours the husband actually spent providing on-call attendance in the home. Neither the past nor continuing portion of the attendant care award should compensate the husband for time spent in outside employment. Accordingly, the attendant care award is REVERSED and the case is REMANDED for proceedings consistent with this opinion.
SHIVERS, BOOTH and MINER, JJ., concur.