WENTWORTH, Senior Judge.
This is an appeal from a worker’s compensation order denying appellant CNA Insurance Group’s motion for reimbursement from appellee Maryland Casualty Insurance Company, and finding CNA solely responsible for temporary disability compensation and medical benefits. We affirm, finding adequate record support on the fact issues, and no error in the admission of a medical deposition or as to ex parte contact with the witness.
Claimant Gail Clark suffered back injuries in two accidents in the same employment with Zales Corporation, the first in 1986 when Maryland Casualty was the carrier, and the second in 1990 when CNA was the carrier, 26 months after returning to work from intervening surgery. Claimant testified she has been unable to work because of disabling pain since January 19, 1991.
Based on detailed and persuasive analysis of the character and contents of deposition testimony from claimant’s treating physician for both accidents, Dr. Fitzgerald, the order on appeal rejects his opinion as to MMI in February 1992 from the 1990 accident. The order accepts, instead, the opinion of Dr. Kohler, a neurosurgeon who evaluated claimant in November 1992 at the request of appellant CNA and recommended specific repeat neurological tests, which apparently had not been done at the time of the January 1993 hearing. Dr. Kohler stated, notwithstanding agreement with a preexisting 15 percent permanent impairment rating from the first accident, that he “cannot at this time determine the extent of additional impairment until the ... recommended studies are done, nor can he apportion the degree of said impairment to each of these accidents.” The order correctly finds claimant’s need for treatment and temporary disability compensation to be payable by CNA due to the aggravation or exacerbation of her previous condition by the second accidental injury. Potential apportionment of later obligations is expressly noted in the order.
As to alleged error in the amendment of Maryland Casualty’s witness list two days before trial, upon discovery of Dr. Kohler’s examination, we find no abuse of discretion. Adelman Steel Corp. v. Winter, 610 So.2d 494 (Fla. 1st DCA 1992); Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981). CNA clearly had independent knowledge of the witness and had available means to ameliorate any claimed prejudice prior to or at deposition, and did not seek post-hearing deposition. There was no showing of disruption of trial.
The two claimed unauthorized ex parte contacts by CNA with Dr. Kohler were examined below on rehearing. A telephone call to set up deposition was found to involve only a ministerial function, and a letter request for clarification of a report “was a unilateral ex parte communication that was not responded to by Dr. Kohler prior to his deposition.” In the absence of a showing of prejudice, or any objection or inquiry at the time of deposition, we conclude the contacts in these particular circumstances are not *110 comparable to those involved in Adelman, supra at p. 505, and do not compel reversal.
AFFIRMED.
MINER and WOLF, JJ., concur.