652 So.2d 976 (1995)
Deborah J. WALTERS, Appellant,
v.
KEEBLER COMPANY and Crawford & Company, Appellees.
No. 94-1095.
District Court of Appeal of Florida, First District.
April 6, 1995.
*977 Virginia R. Vetter and Patrick R. Sweeney, Tampa, for appellant.
Cindy R. Galen, of O'Riorden, Mann, Hootman, Ingram & Dunkle, P.A., Sarasota, for appellees.
ALLEN, Judge.
The claimant appeals a workers' compensation order by which benefits were denied pursuant to Martin Co. v. Carpenter, 132 So.2d 400 (Fla. 1961). We conclude that the employer/carrier presented sufficient evidence to support a Martin Co. misrepresentation defense, but that the judge erred in excluding a coworker's testimony which the claimant proffered in response to this defense. The employer/carrier objected to the testimony below, arguing that it was not proper rebuttal and should be excluded because the coworker was not on the pretrial list of witnesses. The claimant initially argued below that the coworker was a rebuttal witness. But the claimant does not pursue this theory on appeal, despite the distinction between rebuttal and other witnesses in workers' compensation proceedings. See Rose v. Madden & McClure Grove Service, 629 So.2d 234 (Fla. 1st DCA 1993); Calleyro v. Mt. Sinai Medical Center, 554 So.2d 1208 (Fla. 1st DCA 1989).
The claimant also argued below that the employer/carrier were not surprised by the proffered testimony, explaining that the witness was not discovered until after completion of the pretrial witness list, and that the employer/carrier were promptly informed of this situation. The claimant also noted that the employer/carrier participated in the claimant's subsequent inquiry of the witness, and were advised that the claimant intended to present the witness' testimony at the hearing.
The employer/carrier did not dispute these recitations, and did not assert any surprise or prejudice even when questioned by the judge as to the basis for their objection. As indicated in Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981), the exclusion of an unlisted witness' testimony is a drastic remedy which should pertain in only the most compelling circumstances. See also Rose. Binger further indicates that when the opposing party is not prejudiced by the late disclosure, and compelling circumstances are not otherwise shown, the witness should generally be allowed to testify. See also Zales Corp. v. Clark, 643 So.2d 108 (Fla. 1st DCA 1994).
Because there was no showing or assertion of prejudice or other compelling circumstances in the present case, the judge should have allowed the coworker to testify. The appealed order is therefore reversed, and this case is remanded.
DAVIS, J., and WENTWORTH, Senior Judge, concur.