672 So.2d 892 (1996)
CEDAR HAMMOCK FIRE DEPARTMENT and Florida League of Cities, Appellants,
v.
James BONAMI, Appellee.
No. 94-1681.
District Court of Appeal of Florida, First District.
May 7, 1996.
Keith A. Mann of Mann Employers Legal Group, P.A., Sarasota, for Appellants.
Teresa A. Marra of Marra & Kalo, P.A., Sarasota, for Appellee.
ALLEN, Judge.
The employer/servicing agent appeal a workers' compensation order awarding permanent total disability benefits, supplemental benefits, and chiropractic care, while finding entitlement to payment of an attorney's fee and costs. We conclude that there is sufficient evidence to support each of these awards, but that the judge erred in excluding certain evidence.
In their pretrial witness list the employer/servicing agent indicated that a vocational *893 counselor might be called to testify, but they did not identify this individual by name. When the claimant subsequently inquired as to the identity of this witness the employer/servicing agent again maintained that they did not know the identity of this individual, and they did not provide the name of the witness until eight days before the hearing. The employer/servicing agent maintained that they were unaware of the individual's name until that time, but the claimant asserted that this late disclosure was prejudicial. The judge noted that the late disclosure was a violation of local rules, and suggested that the employer/servicing agent should have made a more diligent investigation so as to ascertain the name of the witness. Accepting the claimant's assertion of prejudice, the judge precluded the employer/servicing agent from using this evidence.
The claimant did not describe the manner in which he was prejudiced, other than to say that he was not sure who would be called to testify. However, the claimant's attorney was present when the vocational counselor met with the claimant at the attorney's office, and the employer/servicing agent provided the claimant with a copy of the vocational counselor's report. In the absence of other compelling circumstances, late disclosure which does not result in actual prejudice does not ordinarily warrant the exclusion of evidence. Walters v. Keebler Co., 652 So.2d 976 (Fla. 1st DCA 1995). Such a sanction may be unduly harsh even when there has been a deliberate violation of local rules. Horizon Healthcare v. Murphy, 660 So.2d 1065 (Fla. 1st DCA 1995). The claimant did not establish actual prejudice in the present case, and although Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981), indicates that the judge has broad discretion in this area, in these circumstances the exclusion of evidence was an abuse of discretion.
Because the excluded evidence impacts the award of permanent total and supplemental benefits, the appealed order is reversed in this regard. The order is otherwise affirmed, and the case is remanded.
KAHN, J., concurs.
ZEHMER, C.J., dissents with written opinion.
ZEHMER, Chief Judge (dissenting).
I dissent because the majority's decision substitutes this court's judgment on a matter of discretionary fact finding that properly lies with the judge of compensation claims.
The employer and servicing agent's counsel did not give notice of the witnesses that they expected to call within the time prescribed in the pretrial order. Mr. Dertod, a rehabilitation counselor, had met with claimant in his attorney's office on February 8, 1994, at the request of the employer and servicing agent. But claimant's counsel was not made aware until the employer and servicing agent submitted their witness list on February 16, seven days after the deadline for exchanging the witness list, that the employer and servicing agent might potentially call a vocational rehabilitation expert. This notice did not identify Mr. Dertod as a witness. Hearing nothing further, on February 24 claimant's counsel attempted to confirm from opposing counsel whether any vocational rehabilitation expert would be called by appellants, and was told by appellants' counsel that "the simple fact is that these witnesses were not known" at that time. Not until March 1 was notice given by the employer and servicing agent confirming that Mr. Dertod would be called. According to claimant's attorney, this witness's report was not received until March 3.
When claimant's attorney eventually received notice of intention to call Mr. Dertod, claimant's attorney filed a motion to strike this witness for noncompliance with the pretrial order. Claimant's four-page motion alleged facts showing appellants' noncompliance with the order and asserted prejudice based on the short period of time remaining to obtain adequate discovery and preparation as to this witness for the final hearing on March 8, 1994.
At the final hearing the judge first took up claimant's motion to strike the late-filed notice of witnesses. Claimant's attorney recited the events described above, asserted prejudice because the employer and carrier failed *894 to timely provide notice of witnesses, and urged the judge to disallow the use of this expert witness. Claimant's attorney also argued that there was a strong possibility of intentional, bad faith noncompliance with the pretrial order by appellants, and that claimant was prejudiced by appellants' tactics in not disclosing this information because they were not able, in the time remaining before final hearing, to perform sufficient discovery or to obtain sufficient information to counter the opinion testimony that may have been given by this expert witness.
Counsel for the employer and servicing agent responded to the argument of claimant's attorney, stating:
Judge, thethe employer has no objection to theto the claimant's motion, which is based upon your local rule, which states that a witness list is due no later than 30 days before the final hearing. The rule also states that the list cannot be amended except upon motion and approval of the judge.
(Emphasis added.) Having thus conceded the validity of the grounds for the motion, counsel for the employer and servicing agent then argued that claimant's motion should be denied on three procedural grounds: (1) that claimant failed to give five days' notice of the hearing on this motion to strike as required by rule 4.140, Florida Rules of Workers' Compensation Procedure, although claimant's counsel knew of the violation of the witness list rule several weeks before filing this motion; (2) that claimant's witness list served on February 8 was also one or two days late, so the judge should apply his local rule even-handedly and preclude claimant from calling the witnesses on his list; and (3) that claimant had not shown any prejudice by appellants' failure to comply. Counsel's only explanation for noncompliance with the pretrial order was that he did not determine the name of the vocational rehabilitation counselor to be used as a witness until March (even though Mr. Dertod had met with claimant on February 8 at the request of the employer and servicing agent). There is nothing to indicate that appellants' counsel inquired of his clients or otherwise made efforts to learn the name of this witness before March.
Claimant's counsel reiterated in response, among other things, that Mr. Dertod's report was not received until shortly before this hearing.
At the conclusion of these arguments, the judge of compensation claims stated that he was granting the motion to strike Mr. Dertod as a witness. He explained on the record that claimant's claim was filed in August 1993, that by December all the issues were set forth and both sides had plenty of notice of the permanent total disability claim, that both parties then knew they would need a vocational rehabilitation witness to testify in respect to this claim, and that the employer and servicing agent had not given a good excuse for waiting until March before disclosing this witness. The judge then stated:
Moving on to the witness list problem. I used to require a 15-day witness list, and that was not quite adequate because if a person was two or three days late on a 15-day witness list, thenas attorneys are apt to being a few days late on things being two or three days late on a 15-day witness list cut down considerably into the time that the other side would have to look into those witnesses. So I moved it out to a 30-day witness list. 30 days leaves the parties quite a bit more time to respond and do the discovery they need to do once they receive the witness list.
So with the 30-day witness list, if the parties are two or three days late in submitting it, then II think that that's still substantial compliance in that there's no prejudice to the other side. So if a witness list is two or three days late, then I still allow it in.
As far as the carrier's witness list, the first witness [list] was dated February 16, which is not in substantial compliance with the 30-day requirement. However, the claimant has agreed to accept that and to allow it as far as thewhat is stated on the witness list of February 16.
However, even as of February 16, the employer/carrier still did not know the name of its vocational counselor. I agree with Ms. Marra, on behalf of the claimant, *895 that the employer/carrier did have a duty to at least call its client and ask the name of the vocational counselor, which should have been put on the witness list.
I don't thinkas far aslet me back up. As far as on February 16, 1994, when the carrier said, I do not have or know the name of the vocational counselor. I don't expect it to be right for the claimant to have to guess at who it's going to be. There is a certain amount of likelihood, as Mr. Mann has said, that it would be Mr. Dertod. But it's not with certainty, and I don't think it's the responsibility of the claimant to guess at who it's going to be.
So looking at the record, the first formal notice that the claimant had that Mr. Dertod would be the vocational rehab witness to testify today was the MarchI believe it was March 1. Yeah. On the March 1, 1994, letter, which Mr. Mann did fax to Ms. Marra. March 1 is only eight days before the final hearing, and so it's my ruling that that is not a timely witness list and that the claimant has been prejudiced thereby....
This record leads to only one conclusion: at the hearing on the motion to strike this witness, counsel for the employer and servicing agent conceded the validity of the motion on the merits, stating that they had "no objection to theto the claimant's motion." But counsel resisted the motion on procedural grounds by arguing that five days' notice of the hearing was not given, that claimant's counsel was also two or three days late in submitting claimant's witness list, and that there was no showing by claimant of any prejudice in permitting appellants to call Mr. Dertod at the hearing despite the delay in furnishing his name. The judge rightfully accepted appellants' attorney's statement that they were making no objection to the merits of the motion to strike and understandably explained his ruling based on the procedural objections presented by appellants' attorney at the hearing.
I believe the record is legally sufficient to sustain the judge's ruling that claimant would suffer prejudice. Whether a party is prejudiced by the opposing party's failure to comply with an order requiring timely disclosure of witnesses is a factual determination that involves the weighing of the circumstances and resolving disputed issues shown on the record. To make this decision requires the fact-finder to weigh the subject matter and complexity of the expected testimony against the need for the opposing side to develop evidence to rebut the opinions to be expressed or to obtain factual foundations to impeach the witness.
In this case, the judge recited the undisputed facts, explained the purpose of his local rule requiring disclosure of witnesses 30 days in advance of the hearing or obtaining an order to excuse compliance, and concluded that appellants' default should not be excused because the failure to disclose this expert and supply his report until the week of trial did not afford claimant's counsel adequate time to be prepared to go forward at that hearing. The judge justifiably accepted the allegations of prejudice and was not required to make detailed findings of fact on this issue. My review of the record leads me to conclude that the issue of prejudice was a sufficiently close factual call to require the judge to weigh the circumstances.
The majority's decision to overrule the judge's ruling in this case amounts to holding that exclusion of an expert witness at final hearing when that witness was disclosed only seven days before the hearing and his report was submitted less than five days before the hearing in undisputed violation of the judge's pretrial order, without any offer by the defaulting party of a reasonable excuse for that violation, is an abuse of discretion as a matter of law unless the opposing party carries the burden of showing actual prejudice. I am unwilling to send such a message to the judges of compensation claims, who encounter enough difficulty enforcing compliance with the rules of procedure and their pretrial orders.
It is my firm belief that a party in default under a court-ordered time limit for exchanging witness lists, as the employer and servicing agent were in this case, has the burden of (1) requesting the judge to excuse the default by showing at least some semblance of good cause or excusable neglect causing a violation of the order, and (2) making at least a prima *896 facie showing that the opposing party is not or should not be prejudiced by this late notice. Only then should the burden be shifted to the opposing party to show actual prejudice from the delay in receiving the information. This procedure is fully in keeping with the sense of the supreme court's opinion in Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981), wherein the court recognized the broad discretion trial judges must be afforded in ruling on these matters. I cannot conceive that the supreme court intended to allow a party in default under the pretrial order merely to do nothing to excuse that default and have the opposing party carry the burden of showing why the default should not be excused. In this case the defaulting employer and servicing agent did not carry this burden. Accordingly, I disagree with the interpretation and application of the Binger decision in the majority opinion.
I likewise disagree that either of the other two cases cited in the majority opinion is authority for reversal of this order. The citation to Horizon Healthcare v. Murphy, 660 So.2d 1065 (Fla. 1st DCA 1995), is inapposite because that case involved the striking of all defenses, not just the striking of one witness, which amounted to entry of a default judgment. Similarly, the citation to Walters v. Keebler Co., 652 So.2d 976 (Fla. 1st DCA 1995), is inapposite because in that case:
The claimant also argued below that the employer/carrier were not surprised by the proffered testimony, explaining that the witness was not discovered until after completion of the pretrial witness list, and that the employer/carrier were promptly informed of this situation. The claimant also noted that the employer/carrier participated in the claimant's subsequent inquiry of the witness, and were advised that the claimant intended to present the witness' testimony at the hearing.
The employer/carrier did not dispute these recitations, and did not assert any surprise or prejudice even when questioned by the judge as to the basis for their objection.
Id. at 977. Unlike those cases, in the instant case, as the judge observed, the employer and servicing agent knew months in advance of the need for an expert vocational rehabilitation witness, knew of and employed Mr. Dertod in plenty of time to timely list his name, and took no meaningful steps to comply with the local rule and pretrial order. Whether the time remaining between disclosure and trial was sufficient to avoid prejudice to claimant's counsel in preparation for trial was a discretionary factual decision best left to the judge of compensation claims.