PER CURIAM.
Appellant R.W. Westerly Construction (Westerly) contends that the trial court erred by striking its counterclaim and affirmative defenses and limiting its witnesses as sanctions for procedural violations. Because the trial court’s orders imposing these sanctions include no finding of willful behavior by Westerly or prejudice to the opposing party, we reverse.
We have three orders before us pertaining to the imposition of sanctions, all purporting to contain the findings and order of the court. The first order found that Westerly willfully failed to comply with orders of the court; struck Westerly’s counterclaim; struck Westerly’s affirmative defenses; limited Westerly’s trial witnesses; ordered Westerly to comply with the court’s orders; denied Westerly’s motion to dismiss; and denied Westerly’s motion for continuance. The amended order found that the first order did not accurately reflect the court’s findings; found that Westerly’s failure to comply with orders of the court was “not willful or intentional”; struck Westerly’s counterclaim; struck Westerly’s affirmative defenses; and denied Westerly’s motion for rehearing. The second amended order made no finding as to willfulness; denied plaintiffs’ motion for default; struck Westerly’s counterclaim; struck Westerly’s affirmative defenses; limited Westerly’s trial witnesses; ordered Westerly to comply with the orders of the court; denied Westerly’s motion to dismiss; and denied Westerly’s motion for continuance.
In the end, the trial court made no finding that Westerly’s failure to comply with the orders of the court was willful, and such a finding is required before striking the counterclaim and affirmative defenses. See Clark v. Lake City Police Dep’t, 723 So.2d 901, 902 (Fla. 1st DCA 1999) (“Because of the severity of the sanction, orders striking pleadings should contain specific findings of a willful failure or deliberate refusal to comply with discovery.”). Additionally, the trial court made no finding that plaintiff was prejudiced by Westerly’s failure to comply with the orders of the court, and such a finding is necessary to strike a party’s witness. See *999 Walters v. Keebler Co., 652 So.2d 976, 977 (Fla. 1st DCA 1995) (“[T]he exclusion of an unlisted witness’ testimony is a drastic remedy which should pertain in only the most compelling circumstances.... Binger further indicates that when the opposing party is not prejudiced by the late disclosure, and compelling circumstances are not otherwise shown, the witness should generally be allowed to testify.)” (citing Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla.1981)). These errors are fatal to the trial court’s imposition of sanctions.
Accordingly, the final judgment of the trial court is REVERSED and the case is REMANDED for further proceedings.
BOOTH, KAHN and VAN NORTWICK, JJ., concur.