PER CURIAM.
The Employer/Carrier appeal an order of the Judge of Compensation Claims finding compensability and awarding medical and indemnity benefits based on the JCC’s exclusion of certain evidence.
Exclusion of evidence is generally within the province of the JCC. Nevertheless, to *248 exclude a witness from testifying, prejudice must be shown to the objecting party, such as surprise or unfair disadvantage. Cedar Hammock Fire Dep’t v. Bonami, 672 So.2d 892 (Fla. 1st DCA 1996). Here, the JCC did not allow E/C’s proffered exhibits of Dr. Munson’s deposition transcript and attachments as well as Claimant’s deposition. The E/C’s attorney was present at Dr. Munson’s deposition and at Claimant’s deposition. The prejudice articulated by the JCC was to control its docket orderly; yet according to the E/C, these filings were inadvertently filed a few hours late. This exclusion was an abuse of discretion. See e.g. Walters v. Keebler Co., 652 So.2d 976, 977 (Fla. 1st DCA 1995)(“[T]he exclusion of an unlisted witness’ testimony is a drastic remedy which should pertain in only the most compelling circumstances.”). We therefore reverse and remand for the JCC to consider the late-filed exhibits in making its determination.
REVERSED and REMANDED for further proceedings.
BOOTH and BARFIELD, JJ., concur; ALLEN, J., concurs in result.