BROWNING, J.
Mario Escutia, the claimant in this workers’ compensation case, appeals the decision of the Judge of Compensation Claims (JCC) to exclude the second deposition of Dr. Lichtblau. We reverse the final order and remand for further proceedings conducted in accordance with the JCC’s original ruling.
While employed by Appellee Greenleaf Products, Inc., the 28-year old claimant had a workplace accident on December 8, 2000, when, while stacking a pallet of mulch, he lifted a bag above his head and felt an immediate pain or pop in his back. The employer/carrier authorized treatment with Dr. Lichtblau, who is board-certified in physical medicine and rehabilitation. The doctor performed an independent medical evaluation on October 24, 2001, and the claimant had follow-up visits in early 2002. Dr. Lichtblau placed the claimant at maximum medical improvement, with a 6% permanent partial impairment, on March 13, 2002. On February 10, 2003, the employer/carrier sought a protective order to cancel a second deposition with Dr. Lichtblau, scheduled for February 24, 2003, on the grounds that the doctor had been deposed already on August 28, 2002; that the claimant had seen this doctor only once for a follow-up visit since the first deposition; and that the employer/carrier should not have to incur defense costs for an additional deposition absent any change since the first deposition. The JCC entered an order directing that the second deposition of Dr. Lichtblau be only “an update deposition” to “cover subjects which occurred after August 28, 2002.”
At the March 12, 2003, merits hearing, counsel for the employer/carrier objected to the admission into evidence of Dr. Lichtblau’s second deposition in its entirety because the new deposition related to visits that occurred, and information that was available, before the original deposition. Counsel for the claimant expressed confusion regarding the scope of questioning permitted under the order on motion for protective order. When the JCC advised the claimant’s attorney that the agreement had contemplated the second deposition would be only an update, counsel answered that he had understood that would allow him to ask questions that had not been previously asked.
Both of Dr. Lichtblau’s depositions were admitted into evidence. Upon admitting the second deposition, the JCC remarked:
I’m going to allow the deposition of Dr. Lichtblau in, it’s certainly within my discretion to put whatever weight on it that I feel is appropriate as well as weighing the credibility of any particular witness, including this one, and in looking at one deposition versus the next and what transpired in between.
I think, in retrospect, the order on the protective order [sic] may have been too vague. Everyone understands that an update is meaning any treatment since that point in time. I don’t recall there being any agreement between the parties as to what else could have been delved into, and I think to preclude it without my even reading it, without having the ability to weigh the credibility, I’m going to let it in, with the new reports as well, though.
In the final order, the JCC found the claimant had failed to meet his burden to show the compensability of the neck and upper-back injuries. The JCC noted that in the first deposition, Dr. Lichtblau had opined that if the claimant was having neck pain, it was not related to the industrial injury. Any of Dr. Lichtblau’s opin *1061 ions to the contrary that appeared in his second deposition were rejected as falling outside the permitted scope of the JCC’s order on the employer/carrier’s motion for protective order. Specifically, the JCC wrote: “I reject any opinions of Dr. Licht-blau contained in the February 24, 2003 deposition transcript which relate to a cervical and thoracic or upper back condition, as the opinions were based upon questioning that was outside the scope of this Court’s February 12, 2003 Order.”
The standard of review of a JCC’s decision to exclude evidence is abuse of discretion. See Cedar Hammock Fire Dep’t v. Bonami, 672 So.2d 892 (Fla. 1st DCA 1996). Discovery by deposition is permitted under section 440.30, Florida Statutes (2000), and its scope is defined by that statute and by Florida Rule of Civil Procedure 1.280(b)(1). The rule allows discovery of “any matter, not privileged, that is relevant to the subject matter of the pending action ... reasonably calculated to lead to the discovery of admissible evidence.” Id. A JCC may enter a protective order limiting discovery under rule 1.280(c)(4).
The claimant argues the JCC’s exclusion of Dr. Lichtblau’s second deposition constitutes an abuse of discretion for several reasons. First, the claimant contends the second deposition cannot be said to exceed the scope of an order that is admittedly vague and undefined regarding its scope. Rather than weigh and discredit the doctor’s second deposition (which would be within the JCC’s discretionary authority), the JCC threw out the second deposition altogether. Second, the claimant asserts that the second deposition is narrow and within the scope of an “update.” Counsel for the employer/carrier admitted at the merits hearing that the JCC “ruled that the doctor could be deposed upon new records or new office visits or new information.” Counsel for the claimant did not rehash what had been asked in Dr. Licht-blau’s original deposition. According to the claimant, the doctor was apprised of new information in the form of medical records that had not been presented to him in the original deposition by the claimant’s previous attorney, and that presented an accurate description of how the industrial accident had occurred. The claimant contends that because the second deposition is within the scope of an update and presented only new, corrected information, the JCC erred in excluding it outright. Third, the claimant argues that the excluded evidence goes to the very heart of the issue of compensability of the neck and upper-back injuries. In his initial deposition, Dr. Lichtblau’s testimony was based on incomplete, inaccurate facts. The doctor was unaware that the claimant had complained of neck and upper-back pain from the onset of his treatment for the industrial accident. The doctor initially had been mistaken as to how the industrial accident occurred. In his second deposition, Dr. Lichtblau opined that the neck and upper-back conditions are related to the industrial accident. The claimant was prejudiced because he relied on the JCC’s ruling (that the second deposition was admitted into evidence) in arguing his case at trial. Counsel for the claimant contends that he would not have relied so heavily on the second deposition, and would have emphasized other evidence in the claimant’s favor, if he had known the JCC would change her mind and exclude it. The claimant notes that admission of the second deposition will not prejudice the employer/carrier. Because counsel for the employer/carrier was present at the second deposition and had the opportunity to cross-examine Dr. Lichtblau at length, no surprise would result from admitting the deposition into evidence (in accordance with the JCC’s initial oral pronouncement).
*1062 When the JCC indicated initially that Dr. Lichtblau’s second deposition would be admitted into evidence and appropriately weighed, but eventually excluded it altogether (as announced in the written final order), the claimant was trapped by this “Gotcha!” tactic and was prejudiced thereby. To maintain procedural fairness in these proceedings, we REVERSE the final order and REMAND for further proceedings conducted in accordance with the JCC’s initial oral pronouncement regarding the second deposition.
WOLF, C.J., and HAWKES, J., CONCUR.