ERVIN, J.
Eaton Corporation and GAB Robins North America, Inc., employer and carrier (E/C), appeal the judge of compensation claims’ (JCC) order awarding appellee Dottie Votour (claimant) certain disability benefits. They argue the JCC erred in excluding surveillance videos taken of claimant’s activities from admission as impeachment evidence, as authorized by Florida Administrative Code Rule 60Q-6.113(2), which requires a party to inform the opposing party before the final hearing of any evidence that will be used, except for impeachment evidence. Because we conclude the JCC abused her discretion in deciding that the evidence was not admissible for the purpose of impeachment, we reverse the compensation order and remand the case with directions.
Claimant suffered a compensable rota-tor-cuff injury to her right shoulder while in the employ of the E/C on July 6, 2000. As a result, she underwent two surgeries and later attempted to return to her former work as a wire assembler, but left, complaining of great pain in her right arm. Her orthopedic surgeon opined that Vot-our has a 14 percent permanent impairment of the whole person, and imposed permanent work restrictions against repetitive use of the right arm and lifting more than five pounds.
At the final merits hearing, conducted on December 9, 2003, claimant testified extensively regarding her limited use of her right arm. Among other things, she purported she is unable to do anything around the house with the arm; she uses her left arm to do household chores; she is unable to pull,up her pants with her right hand; she drives her car primarily with her left hand, and is essentially unable to use the .right hand while shopping, saying that her impairment is so severe that she doesn’t carry a wallet, but rather places her credit cards and change in a little “zipper thing” in order to enable their removal with her left hand.
At the conclusion of her'testimony, the E/C proffered two surveillance videos taken of Votour on October 24 and 25, and November 21 and 22, 2003. The videos portrayed claimant performing such activities < as opening and closing car doors with her right hand, carrying and supporting a bag with her right hand and taking items out of her purse with that hand, and, while shopping at Wal-Mart, using both hands, and, occasionally, her right hand only, to push the cart and lift items. The videos *468 also depicted her operating pumps at gas stations with her right hand, pulling up her pants with the hand, and using it to reach into her purse to remove or replace items. On one tape she is seen shopping for an extended period, fully extending her right arm parallel to the floor while examining clothing and repeatedly using her right arm to look through clothing on display.
The JCC refused to admit the proffered videotapes, finding that Votour’s actions shown on the tapes were consistent with her testimony, because she routinely used her left arm only to carry her purse and bags, use a cell phone, and take items off the shelves. Although the JCC acknowledged claimant occasionally performed certain acts with her injured arm, it was only utilized to take light items off the shelves below shoulder level. The JCC concluded that the video surveillance did not constitute impeachment in any sense. Upon her consideration of the remaining evidence, the JCC determined claimant was entitled to the requested benefits.
Our review standard of a lower tribunal’s order admitting or excluding evidence is abuse of discretion. See Dennis v. State, 649 So.2d 263 (Fla. 5th DCA 1994); Hansen v. State, 585 So.2d 1056 (Fla. 1st DCA 1991). In concluding that the JCC abused her discretion by disallowing the videotapes into evidence because they could not be said to impeach claimant’s testimony, we note that the Florida Evidence Code applies to workers’ compensation proceedings. Alford v. G. Pierce Woods Mem’l Hosp., 621 So.2d 1380, 1382 (Fla. 1st DCA 1993). Hence, the portion of the code pertaining to impeachment of witnesses is relevant to a determination of whether the videos could be appropriately considered as impeaching evidence.
Section 90.608(5), Florida Statutes, authorizes the impeachment of a witness by “[pjroof by other witnesses that material facts are not as testified to by the witness being impeached.” Professor Eh-rhardt points out that the statute contemplates a witness’s credibility may be impeached “by evidence tending to contradict a material fact stated in the testimony of the witness.” C.W. Ehrhardt, Florida Evidence § 608.6, at 511 (2004 ed.). Contradict is defined as “asserting] the contrary of: take issue with[;] ... implying] the opposite or a denial of [one’s actions or words].” Merriam-Webster’s Collegiate Dictionary 251 (10th ed.1998). Case law recognizes that the method of impeachment is not limited to the actual testimony of other witnesses, but may include extrinsic evidence, such as by the use of surveillance videotapes. See Calleyro v. Mt. Sinai Med. Ctr., 554 So.2d 1208 (Fla. 1st DCA 1989); Rice v. Everett, 630 So.2d 1184 (Fla. 5th DCA 1994). Extrinsic evidence for the purpose of contradicting a witness’s testimony is generally recognized as admissible unless it contradicts a fact that is collateral. See Griffin v. State, 827 So.2d 1098 (Fla. 1st DCA 2002).
In our judgment, the proffered surveillance tapes were clearly used to contradict the claimant’s testimony supporting her claim that she had suffered a severe industrial injury that rendered her incapable of carrying out any reasonable means of employment. As such, they comply with the statute’s requirement that the evidence show the “material facts are not as testified to by the witness.”
In ruling the tapes were not appropriate impeachment evidence, and must therefore be excluded because they had not been disclosed to claimant pretrial, as mandated by the rule, the JCC’s summary of claimant’s testimony in the final order is frequently inconsistent with the actual testi *469 mony. For example, the JCC found that claimant testified that only changing gears on a standard transmission was difficult, whereas Votour said she had difficulty using the automatic transmission in her automobile. The JCC also found Votour testified that while shopping, she used her right hand only occasionally to reach items below shoulder level. On the contrary, claimant testified she never uses her right arm at all for shopping. Votour’s testimony regarding the limited use of her right hand was clearly contradicted by the depiction of her activities in the tape, as earlier set out in this opinion, revealing a far broader range of motion, and as such it severely impacted her credibility regarding the extent of her disability.
The JCC’s order granting benefits is REVERSED, and the case is REMANDED with directions that the two surveillance videotapes be admitted into evidence, whereafter the JCC shall determine claimant’s entitlement to the requested benefits.
DAVIS and HAWKES, JJ., concur.