PER CURIAM.
In this workers’ compensation appeal, the Employer/Carrier (E/C) appeals the Judge of Compensation Claims’ (JCC’s) award of attendant care services for a finite period, payable to Claimant’s wife. Claimant, in his cross-appeal, challenges the amount of time specifically awarded, seeking an increase in the award. Because we find merit to two of the E/C’s challenges, we reverse in part and affirm in part.
I.
Claimant injured his right leg on September 29, 2018; specifically, Claimant suffered a torn meniscus and developed an infection in the thigh which required several hospital stays as well as a lengthy course of antibiotic medications. The E/C provided wound care by authorizing a home health nurse to attend to Claimant on a daily basis until the wound healed.
On November 19, 2013, Claimant filed a petition for benefits requesting authorization for attendant care from the date of the accident. Claimant attached to the petition an undated, hand-written note, signed by Claimant’s infectious disease specialist, Dr. Eckstein, stating that “Anne Hennessey has been taking non professional care of patient David Hennessey 24 h a day since 9/29/13 and will continue to do so until patient heals.” Subsequently, in a medical report dated May 12, 2014, Dr. Eckstein clarified that the care was needed for the time period September 29, *234 2013, through March 11, 2014; that 12 hours of assistance on a daily basis was medically necessary; and that Claimant needed assistance with ascending and descending stairs in his house in addition to assistance with “bathing, cooking, cleaning, and dressing type functions as well as transportation.”
In the March 19, 2014, pretrial, the E/C maintained that it was “actively investigating the prescription of attendant care and is gathering the information requested by Dr. Eckstein (prescribing physician); Claimant has received skilled wound care.” At the July 7, 2014, merits hearing, the E/C defended the claim for attendant care on grounds there was “no valid prescription for attendant care as same does not satisfy the requirements of F.S. 440.18(2)(b); if attendant care is awarded solely actual attendant care provided is awardable; attendant care for household duties are considered gratuitous and not compensable.”
At the hearing, the E/C attempted to offer into evidence the deposition of the home health nurse who provided wound care and also assessed Claimant’s ability to independently care for his personal activities of daily living. Claimant objected on grounds that the nurse was not identified on the pretrial stipulation entered into by the parties. When asked how Claimant was prejudiced by the admission of the deposition, given that Claimant’s attorney was in attendance at the deposition, the reason given was that Claimant was not aware that the deposition was going to be introduced into evidence. The JCC withheld her ruling on the objection until she had the opportunity to read the deposition.
II.
In the appealed order, the JCC directed the E/C to pay Mrs. Hennessey for the assistance provided to Claimant for 8 hours per day, 7 days per week, for the time period from September 29, 2013 through November 20, 2013, with the exception of those days Claimant was hospitalized. The JCC also directed the E/C to pay Mrs. Hennessey for the assistance provided to Claimant for 4 hours per day, 7 .days per week, for the time period November 21, 2013, through March 11, 2014, with the exception of the dates Mrs. Hen-nessey was out of the state. The JCC sustained Claimant’s objection to the admission of the nurse’s deposition, instead accepting it as a proffer.
III.
We turn first to the E/C’s challenge to the JCC’s exclusion of the nurse’s deposition. A JCC’s exclusion of evidence is reviewed for abuse of discretion. See Ryan's Family Steakhouse v. Whitlock, 886 So.2d 247, 248 (Fla. 1st DCA 2004) (holding JCC’s exclusion of witness was abuse of discretion where no prejudice to objecting party was shown, “such as surprise or unfair disadvantage”). “In the absence of other compelling circumstances, late disclosure which does not result in actual prejudice does not ordinarily warrant the exclusion of evidence. Such a sanction may be unduly harsh even when there has been a deliberate violation of local rules.” Cedar Hammock Fire Dep’t v. Bonami, 672 So.2d 892, 893 (Fla. 1st DCA 1996) (citations omitted). See also Walters v. Keebler Co., 652 So.2d 976, 977 (Fla. 1st DCA 1995) (citing Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981)), for proposition that “exclusion of an unlisted witness’ testimony is a drastic remedy which should pertain in only the most compelling circumstances”).
The JCC made no findings to explain why she “sustained” Claimant’s objection to the admission of the deposition of the home health nurse. Claimant’s pur *235 ported prejudice — that Claimant’s attorney was not aware that the deposition was going to be offered into evidence — does not rise to the level of “surprise or unfair disadvantage,” as described in Whitlock, 886 So.2d at 248. The facts here are analogous to those in Bonami. In Bona-mi, the claimant asserted that the late disclosure by the E/C of the vocational counselor was prejudicial. 672 So.2d at 893. The claimant’s purported prejudice was “that he was not sure who would be called to testify.” Id. The Bonami court noted that there was no actual prejudice because the claimant’s attorney was present for the interview and was provided with a copy of the counselor’s report. Id. As the claimant did not demonstrate actual prejudice, the Bonami court concluded that the JCC abused his discretion in excluding the evidence. Id. Because here, as in Bonami, the excluded evidence could have had an impact on the awarded benefits, the award is reversed and remanded for consideration of nurse’s testimony.
IV.
Should the JCC, on remand, determine that Mrs. Hennessey remains entitled to be paid for her assistance provided to Claimant, we agree with the E/C that competent substantial evidence (CSE) does not support the specific award of 8 hours a day and 4 hours a day, seven days a week, for the various periods at issue. A JCC’s award of attendant care is reviewed for CSE. See Bojangles v. Kuring, 598 So.2d 250, 251 (Fla. 1st DCA 1992) (reversing and remanding where, even though CSE supported need for care, no findings supported number of hours per day awarded).
“[Claimants have the burden of proving the quantity, quality, and duration of attendant care services claimed.” Orange Cnty. Sheriff’s Dep’t v. Perez, 541 So.2d 652, 654 (Fla. 1st DCA 1989). It is erroneous for a JCC to award attendant care without regard to the actual services performed by the caretaker. See Bojangles v. Kuring, 598 So.2d 250, 251(Fla. 1st DCA 1992). If care is not provided, it cannot be compensated.
AT & T Wireless Servs., Inc. v. Castro, 896 So.2d 828, 830-31 (Fla. 1st DCA 2005). “A blanket award of attendant care without regard to the actual performance of those services is error.” Perez, 541 So.2d at 654 (citing Perez v. Pennsuco Cement Aggregates, 504 So.2d 1274, 1275 (Fla. 1st DCA 1986)).
The JCC accepted as credible Mrs. Hen-nessey’s deposition testimony as to the specific amount of time she spent assisting Claimant with attendant care activities from the date of the accident until November 20, 2013, when Claimant’s wound showed significant signs of healing. When totaled, those tasks took 7.5 hours per week. Nevertheless, the JCC awarded 56 hours per week (8 hours X 7 days), finding only that “[t]he evidence also supports Mrs. Hennessey helped claimant get dressed, replace his bandage when needed, and prepared claimant for the wound care nurse.” Given the facts at hand, this is a “blanket award” of attendant care, which is not permitted. See Perez, 541 So.2d at 654. The same analysis would apply to the time period between November 21, 2013, and March 11, 2014 — a time period during which Claimant needed less assistance.
On remand, should the JCC again find Mrs. Hennessey entitled to be paid for her assistance, only the time spent in “the actual performance of ... services” should be awarded. Id. The JCC should make her determinations based on the record as presented to this court. Because it was Claimant’s burden to prove the time spent providing the necessary services, he is not *236 entitled on remand to submit additional evidence. See Morton’s of Chicago, Inc. v. Lira, 48 So.3d 76, 80 (Fla. 1st DCA 2010) (clarifying “that ... where the party with the burden of proof fails to establish an evidentiary basis for the damages awarded at trial, the general rule applies and (absent an exceptional legal or factual basis warranting a contrary result) simple reversal is warranted. See Katz [v. Van Der Noord ], 546 So.2d [1047,] 1048 [(Fla.1989) ]; see also Evans [v. Delro Indus., Inc., 509 So.2d, [1262,] 1264 [(Fla. 1st DCA 1987) ] (explaining reversal and remand for new trial should be granted only where exceptional circumstances warrant such disposition). We see no legitimate reason to give a party an ‘extra bite of the apple’ or an ‘extra inning' after the game has concluded and it has failed to score a sufficient number of runs.”).
V.
We affirm without further comment the JCC’s findings that the E/C did not conduct a proper investigation into the need for attendant care and that, on that basis, she could evaluate Claimant’s entitlement to the claimed attendant care. See James W. Windham Builders, Inc. v. Overloop, 951 So.2d 40 (Fla. 1st DCA 2007). Based on the foregoing analysis, we also affirm without further comment Claimant’s challenge to the JCC’s denial of an award of 12 hours per day of attendant care. See Kuring, 598 So.2d at 251. See also Perez, 541 So.2d at 653-54.
Accordingly, we REVERSE in part, AFFIRM in part, and REMAND for further proceedings consistent with this opinion.
MARSTILLER, RAY, and SWANSON, JJ., concur.